*Eastern Dist.*
*June, 1836.*

PLICQUE AND
LE BEAU
*vs.*
LABRANCHE
ET AL.

cited as such, and condemned to pay as vendor on a failure of title.

The marshal or sheriff is responsible in damages, to the purchaser who is evicted, for selling a slave or other property without sufficient authority. These officers warrant the correctness and legality of their own acts, and if by their illegal acts they cause damages, they are bound to make reparation.

## PLICQUE & LE BEAU *vs.* LABRANCHE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Evidence of the acknowledgment of a party who is sought to be charged, or rendered liable, is the weakest species of evidence; for the witness who testifies cannot be convicted of perjury if he swears falsely, and is almost beyond the power of contradiction.

If a party deny his signature to an act or private instrument of writing, or allege it is counterfeited, it must be proved by witnesses who have seen him sign the act, or know his signature from having frequently seen him

EASTERN DIST.
*June,* 1856.

PLICQUE AND
LE BEAU
*vs.*
LABRANCHE
. ET AL.

write. Proof by experts, or comparison of handwriting, may also be received.

Proof by witnesses, of the acknowledgment of a signature by the party who is sought to be charged, is inadmissible, when he expressly denies, or alleges it is counterfeited.

The article 325 of the *Code of Practice,* modifies and supersedes the provisions in the *Louisiana Code, article* 2241, which allows the proof of a signature by witnesses as in other cases.

This is an action on a promissory note for the sum of six thousand dollars, drawn by Antoine Foucher, junior, with the names of Antoine Foucher, senior, and Hermogene Labranche, endorsed in blank on the back of it. The plaintiffs pray judgment against the endorsers, for the amount of the note sued on.

The defendants, Labranche and Foucher, senior, answered separately; and both of them expressly averred that their names on the back of said note, were forged and counterfeited.

The cause, on this issue, was tried before a jury. The plaintiffs called a witness to prove certain acknowledgments made by the defendant, Labranche, that his signature on the back of the note was genuine. The defendants' counsel objected to the question being put to the witness, on the ground that there was no acknowledgment of the defendant specially alleged in the petition, and that no evidence could be received on that subject or fact; but the court overruled the objection, and admitted the evidence of the acknowledgment of the defendant, as being in the nature of evidence of the truth and reality of the signature, reserving to the party, that in case he was taken by surprise he must apply for a new trial. A bill of exceptions was taken to the opinion of the court.

The jury returned a verdict against Labranche, for the amount of the note sued on, and discharged the other defendant. From judgment rendered thereon, Labranche appealed.

*Hoa,* for the plaintiffs.

*Preston* and *Augustin,* for the defendants.

1. No attempt has been made to prove the signature of the defendant, Labranche, in this case, except by his acknowledgment ; and the confession is that he made the signature in error. It must be taken all together, and therefore proves that the signature is not genuine.

2. Even if the defendant has confessed on a previous occasion that he admitted this endorsement was his signature, it is the weakest kind of testimony. 1 *Louisiana Reports,* 286. 6 *Martin, N. S.,* 532.

3. If the admission was made, it does not render the defendant liable, unless it amounts to an express or implied contract. But it amounts to neither, because it was made without consideration, and in error. *Louisiana Code,* 1887, 1890, 1818, 1819.

4. Admissions or confessions are not obligatory if made in error. *Roscoe on Evidence,* 25 *and* 34. 1 *Phillips on Evidence, Note* 77. 10 *Massachusetts Reports,* 40.

5. Unless the plaintiffs acted upon the acknowledgment or confession of the defendant, and took the note on the faith of it, *they cannot* claim the benefit of it. 2 *Starkie on Evidence,* 29, 30, 31.

6. Or the plaintiffs must show, that they sustained loss in consequence of the admission. *Louisiana Code,* 2294, 2295.

7. This case presents the single allegation, that the defendant *endorsed* the note, and is liable. He formally *denies* his signature, and alleges that it is counterfeited. The law requires that in such cases the plaintiffs must prove the signature by witnesses, who have seen him write his name or sign the instrument. See *Code of Practice, article* 325, 326.

8. The plaintiff, not having proved his case, which he cannot according to law, the defendant must be discharged.

*Martin, J.,* delivered the opinion of the court.

This is an action on a promissory note. The defendant, Labranche, being sued as endorser of a promissory note,

EASTERN DIST.
June, 1836.

PLICQUE AND
LE BEAU
vs.
LABRANCHE
ET AL.

EASTERN DIST.
June, 1836.

PLICQUE AND
LE BEAU
vs.
LABRANCHE
ET AL.

together with Antoine Foucher, senior, pleaded separately and specially, that the endorsement of his name on the back of the note, was forged and counterfeited.

On the trial of the case before a jury, evidence to prove the acknowledgment of the defendant, that the endorsement was in his handwriting, was offered, and to which his counsel objected. It was, however, admitted by the court, and a bill of exception taken.

The district judge who presided at the trial, was of opinion that the acknowledgment of the party, in relation to the genuineness of his signature, is in the nature of evidence, going to prove the truth of this fact, and should be admitted as such. But in case the party is surprised, he has reserved to him the privilege, and informs him he must seek his remedy in an application for a new trial.

It appears to this court that the district judge erred in his decision.

In ordinary cases, the acknowledgment of the party is indeed, in the nature of evidence of the truth of the signature. But it is the very weakest species of evidence that may be adduced. The witness who testifies to the acknowledgment, is placed beyond all danger of being convicted of perjury, and it is almost impossible to contradict him.

When, therefore, a signature is specially denied by the party to whom it is imputed, that weak species of evidence, of his acknowledgment or admissions, is not allowed.

The law has expressly provided the kind of evidence which may be produced to counterbalance the express denial of a signature, to an obligation or act under private signature.

If the demand is founded on an instrument of writing, under private signature, the party, is bound to acknowledge expressly, or to deny his signature. *Code of Practice, art.* 324.

But if the defendant deny or contend that his signature is counterfeited, its genuineness must be proved by witnesses who have *seen him sign* the act or obligation, or who declare that they *know his* signature from having frequently seen him write. Proof also by comparison of handwriting, or by experts, is admissible. *Ibid., article* 325.

---

*Evidence of the acknowledgment of a party, who is sought to be charged, or rendered liable, is the weakest species of evidence; for the witness who testifies, cannot be convicted of perjury, if he swears falsely, and is almost beyond the power of contradiction.*

*If a party deny his signature to an act or private instrument of writing, or allege it is counterfeited, it must be proved by witnesses who have seen him sign the act, or know his signature from having frequently seen him write. Proof by experts or comparison of hand writing may also be received.*

*Proof by witnesses, of the acknowledgment of a signature by the party who is*

The foregoing provisions of our law, repel the idea that the signature of the defendant may be proved by witnesses, who only testify to his acknowledgment of such signature.

The article 325 of the Code of Practice, already cited, modifies and supersedes the provision in the Louisiana Code, article 2241, which declares, that if the party disavows his signature, it must be proved by witnesses, as in other cases.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed ; the verdict set aside, and the case remanded for further proceedings, with directions to the District Court, not to allow proof by a witness, of the acknowledgment by the defendant of his signature, on the back of the note sued on ; the plaintiffs and appellees paying the costs in this court.

EASTERN DIST.
June, 1836.

PURDON
vs.
LINTON'S EXR'S.

sought to be charged, is inadmissible, when he expressly denies or alleges it is counterfeited.

The article 325 of the Code of Practice, modifies and supersedes the provisions in the Louisiana Code, article 2241, which allows the proof of a signature by witnesses, as in other cases.