WESTERN DIS. O. C. C., p. 306, art. 226;  L. C., art. 2241;  2 M. R., 203;
October, 1841. 9 L. R., 521;  11 L. R., 251;  1 N. S., 486.

M'KOWN
vs.
MATHES.

## M'KOWN vs. MATHES.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT FOR THE PARISH OF OUACHITA, THE JUDGE OF THE FIFTH PRESIDING.

Where an appeal is not clearly suspensive, it will not be dismissed on the ground of insufficiency in the amount of the bond, when it covers costs.

The authority of a deputy clerk to issue an attachment, when denied, should be clearly established by evidence.

Where the admissions and declarations of the payee and endorser of a note, that he *transferred* it to the plaintiff, are *proved* by witnesses, it is sufficient to authorize a recovery, without actual proof of his signature.

Compensation and payment must be specially pleaded to enable the defendant to make proof of either.

But an amendment setting up the plea of payment and compensation, comes too late after the trial commences and the jury are sworn.

Where it is shown that the plaintiff sues as agent, or for the benefit of the payee of a note, the maker may set up every equitable defence he may have against the payee.

Where an attachment is dissolved, it is at the costs of the plaintiff, and the judgment should so state it, although the case is tried on the merits, by the appearance of the defendant, and judgment goes against him.

This suit commenced by attachment. The plaintiff sues on a note of the defendant, payable to one James Barr, or order, and by him endorsed, for $93, and an account for work and labor done, in cutting timber, &c., amounting to $543 50, which with the note, he annexes to his petition, and prays that a large cypress raft and some other timber be attached; that he have judgment for the amount of his entire claim, to be satisfied out of the proceeds of the property attached, as the property of the defendant.

The defendant appeared, excepted to the attachment, that he was a resident of the State and not sued at his domicil, which he averred was in New Orleans.

On the merits, he pleaded the general issue; denied the plaintiff was the legal holder of the note, or that he ever gave any consideration for it; but that the suit was commenced for the purpose of harrassing and defrauding him. He prays judgment for $1000 in damages, and that the plaintiff's demand be rejected.

Upon these issues and pleadings the case was tried.

There were various orders and proceedings had on the trial, and evidence produced by the parties which is detailed in the opinion of this court.

The cause was finally submitted to a jury who returned a verdict for the plaintiff of $93, the amount of the note and costs; rejecting the account. After an unsuccessful effort by the defendant to obtain a new trial, he appealed from the judgment confirming the verdict.

*M' Guire,* for the plaintiff.

*Downs,* for the defendant.

*Garland J.* delivered the opinion of the court.

The plaintiff claims of defendant the sum of $93 with 6 per cent. interest, from the 2d March, 1840, due on a promissory note payable to and endorsed by James Barr, and a further sum of $543 50, on an open account. He obtained an attach-

WESTERN DIS.
October, 1841.

M'KOWN
vs.
MATHES.

ment on the ground the defendant was not a resident of the State, which was levied on a raft of cypress timber and a quantity of shingles, with which the defendant was descending the Ouachita River.

The defendant excepted to the jurisdiction of the court, alleging he is a resident of the city of New Orleans, of which place the plaintiff is also a resident, he therefore asks the dismissal of the suit, because it is not brought at the place of his domicil. He also asks to dissolve the attachment:

1. Because it is not true as is alleged, that he resides out of the State.

2. Because the affidavit is insufficient, defective and illegal.

3. Because there is and was no date to the writ of attachment.

4. Because the sheriff failed to make and return in due time a specific inventory of the property seized.

5. Because no sufficient service of the attachment was made.

6. Because the person who signs his name as deputy clerk of the District Court, to the order of attachment, was not at the time such deputy, and if he was, had no authority to make any such order.

7. Because the bond is illegal in form, insufficient in amount, and the security is insufficient.

8. Because it is not true the defendant is indebted as alleged.

On the trial of these exceptions, the inferior court dissolved the attachment, but overruled the plea to the jurisdiction.

The defendant then filed an answer to the merits, went to trial at a subsequent term of the court, and judgment was given against him for $93, with interest from judicial demand and costs, which seem to amount to a large sum; from which defendant appealed.

The plaintiff and appellee moves to dismiss the appeal, on the ground the bond is insufficient in amount, as the appeal is suspensive. A reference to the petition of appeal and order

WESTERN DIS.
October, 1841.

M'KOWN
*vs.*
MATHES.

Where an appeal is not clearly suspensive, it will not be dismissed on the ground of insufficiency in the amount of the bond, when it covers costs.

on it, settles the question. The defendant does not pray for a suspensive appeal, nor does the judge allow it, so far as his order goes. He says the appeal is granted on bond and security being given in the sum of $160, conditioned as the law directs. The bond is given, with a condition that the defendant abide such judgment as shall be rendered against him. The plaintiff contends this condition makes the appeal suspensive. We think the character of the appeal can be better understood from the petition and order of the judge, and as that does not say it is suspensive, and the bond is only for $160, we think it is a devolutive appeal. The motion to dismiss is therefore overruled.

From an attentive examination of the evidence given on the trial of the exception, and motion to dissolve the attachment for the causes stated, we are of opinion the judge did not err in overruling the exception to the jurisdiction of the court and dissolving the attachment. The evidence does not establish for the defendant a domicil in this State. It is proved, whilst in New Orleans, he resides at the house of a relation, for the purpose of disposing of the rafts of timber which he procures in the swamps or on the public domain in Arkansas. The witnesses have known defendant nearly or quite as much in Arkansas as in this State. He came originally from Kentucky, and sometimes spoke of that State as his home, as he frequently did of New Orleans. The impression the whole evidence makes on us is, the defendant has no domicil any where. He is one of that floating class of traders and adventurers who are so common in our cities and towns, and on the rivers in this State, who engage temporarily in such pursuits as present an immediate prospect of gain, and depart as soon as they find those pursuits unprofitable. In the case of Williams vs. Henderson; 18 La. Rep. 557; we had occasion to examine the question of domicil particularly, and according to the principles there laid down, the defendant has no domicil in New Orleans.

Of the numerous grounds, on which the motion to dissolve

WESTERN DIS. *October*, 1841.

M'KOWN
*vs.*
MATHES.

*The authority of a deputy clerk to issue an attachment, when denied, should be clearly established by evidence.*

the attachment was based, it is only necessary to notice the sixth, it being sufficient to sustain the decision of the judge. By that objection, the quality and capacity of the person granting the order of attachment and issuing it, is directly denied, and there is no evidence to show that Scarborough, who acted as deputy clerk was such. The process resorted to is one of much severity, and when ordered and issued by subordinate executive officers, should be closely scrutinized and their authority clearly established.

On the trial of the cause, the defendant, by his plea admitted his signature to the note sued on, but denied the plaintiff's right to it. He further alleged the note was not in plaintiff's possession when the suit was commenced, but had been since put into his hands without consideration or endorsement, for the purpose of harrassing him. The note is payable to James Barr or order, and purports to be endorsed by him. In the course of the trial of the exceptions, Barr came to the stand as a witness, and stated on his *voir dire* he was interested and was not examined. The plaintiff, for the purpose of establishing his title to the note, offered to prove by Pagan and other witnesses, that Barr, the payee, had on different occasions admitted he had endorsed the note to plaintiff. To one witness, he said, he still had an interest in the note, although he had transferred it; to another he said, plaintiff and he had been in partnership, and the note had fallen to the share of the former, and he (plaintiff) was the owner of it. To a third, he said, he had traded the note to plaintiff who had paid him for it. Did not say he had *endorsed* it, but said he had *transferred* it.

The defendant objected to the introduction of this as evidence, on the ground: 1st. It was hearsay. 2d. The admissions of the payee of a note not a party to the suit, are not evidence of transfer or endorsement. 3d. It is not a mode recognized by law to prove signatures. 4th. Because the payee is interested in the event of this suit. The District judge overruled the objections and admitted the testimony.

We are not prepared to say the judge erred. The admissions of Barr do not come within the definition of what is properly called hearsay evidence. That the admissions of the payee and endorser, that he had transferred the note, ought to be admitted, is a question of more doubt, but we cannot say, they should in this case have been excluded. The defendant had admitted his signature to the note. The plaintiff had possession of it, which is *prima facie* evidence of title and to recover, it was on y necessary to show the payee had been divested of the legal interest. The admissions of Barr did not make the obligation of the defendant more onerous. If he had have had equities against the note, he could have opposed them to the plaintiff, as the note was transferred after it was due; and as the object of proving a transfer, was to enable the plaintiff to recover and protect the defendant from any claim of Barr hereafter; his admissions will bind him in any future claim he may allege. If the witness, instead of saying that Barr had admitted he had transferred the note, had stated they had seen him write, and believed the endorsement on the note was in his hand-writing, there is no doubt it would have been sufficient, and there is but little difference in proving that he acknowledged the transfer. As a general rule, the admission of a signature only binds the party who makes the confession, but when the obligation of another party is not affected by it, we see no sufficient reason why it should be rejected. Evidence of this kind is however of the weakest character; 9 La. Rep. 562; 10 Idem, 528; 11 Idem, 139. This view of the point seems to include the other two objections made by defendant.

On the trial, the defendant's counsel offered evidence to prove the defendant had loaned the plaintiff money, furnished him with provisions and tools, made him payments and advances, that plaintiff had taken shingles and timber belonging to defendant, which he had not paid for. To this evidence the plaintiff's counsel objected, on the ground that there was no plea of compensation or payment in the answer, and no such

WESTERN DIS.
October, 1841.

M'KOWN
vs.
MATHES.

Where the admissions and declarations of the payee and endorser of a note, that he transferred it to the plaintiff, are *proved* by witnesses, it is sufficient to authorize a recovery, without actual proof of his signature.

Compensation and payment must be specially pleaded to enable the defendant to make proof of either.

But an amendment setting up the plea of payment and compensation, comes too late after the trial commences and the jury are sworn.

evidence could be admitted under the general denial, and the mere allegations that defendant did not owe plaintiff any sum. We think the judge did not err in sustaining the objections. Compensation and payment must be pleaded, to enable a defendant to make proof of either. Those pleas imply the existence of a demand, and if a party wishes to have the benefit of them he must also incur the responsibilities they impose.

After the court rejected the evidence, the defendant moved to amend his answer so as specially to set forth these payments and advances, on the ground that the justice of the case required it, and that such amendments ought to be allowed at any stage of the cause. The plaintiff objected to this, and was sustained by the court, to which the defendant also excepted. We do not think the judge erred. The issues had been made up between the parties. The plaintiff had no notice given that payment or compensation would be opposed to him, he only came prepared to prove his demand and could not be supposed, ready to go into an examination of the claims attempted to be proved. The jury had been sworn, the cause was on trial, and a considerable portion of the evidence heard when this motion was made. We think it came too late. The pleas should have been filed before, and the plaintiff thereby notified of them.

The defendant then moved the court to charge the jury, that if they should be of opinion the plaintiff was not the real owner of the note sued on, but that it really belonged to Barr and was put into the hands of plaintiff, only to enable him to obtain an attachment, then they should find for the defendant. This the judge refused, and told the jury if they found the plaintiff was the agent or holder for collection, of the note sued on, the action could be maintained and an attachment could be sued out. To this, defendant excepted. The judge was, we think, correct in his charge to the jury. The authorities that an agent may sue on a note payable to order, and endorsed in blank, are numerous; but defendant may set up all his defence against the payee in such a case as the plaintiff

WESTERN DIS-
October, 1841.

M'KOWN
vs.
MATHES.

·is only agent, and stands in the place of the payee ; 3 Martin N. S. 291, 392 ; 3 La. Rep. 431 ; 4 Idem 220, 533 ; 13 Idem 13.

It was also proved on the trial, that when the deputy sheriff went to attach the timber of defendant, he told him he did not owe the plaintiff any thing except the note sued on. There is a great deal of contradictory evidence in the case, the jury gave a verdict for the amount of the note and interest, rejecting the account set forth in the petition. We are not disposed to disturb the verdict and judgment thereon, as we think the jury has done substantial justice between the parties.

In examining the judgment as given by the court below, there is error in taxing the defendant with the costs of attachment, which was dissolved as we think, correctly. For all the costs relating to the issuing the attachment, and consequences of that writ, the plaintiff is responsible, it being a process distinct from the citation, and other costs incurred in the case, and the District Judge in his order dissolving the attachment should have stated it was at the costs of the plaintiff.

The judgment of the District Court is therefore affirmed in all respects, except as to the costs arising from the issuing an execution of the writ of attachment, including those costs incurred for keeping and preserving the property seized, which are to be paid by the plaintiff and appellee, together with the costs of this appeal.

Where an attachment is dissolved, it is at the costs of the plaintiff, and the judgment should so state it; although the case is tried on the merits, by the appearance of the defendant, and judgment goes against him.