## Cephas Duval *v.* John H. Kellam.

The answer cannot be amended after the case has been called for trial.

It will be no defence to an action by the payee of a note, that it was taken by him for a debt due to an estate of which he had been administrator, and had, on a settlement of his accounts in the court of probates, and a subsequent partition among the heirs, been assigned to one of them, where there is no evidence that the plaintiff seeks to avail himself of the suit to the injury of the latter. The transfer being a matter of record, the defendant will be discharged by payment to the heir.

This case was tried before the District Court for the parish of Ouachita, *Boyce,* J.

Duval *v.* Kellam.

*Garrett* and *Copley,* for the plaintiff.

*McGuire,* for the defendant.

MARTIN, J.    The defendant is appellant from a judgment on his promissory note, given to the plaintiff for the purchase of some property, part of an estate of which the plaintiff was administrator.

The defendant first urges as an exception the prematurity of the suit, as he was the plaintiff's surety in the administration bond, and there was considerable danger of his becoming liable for his maladministration.   He further urges that the plaintiff was insolvent, and the exception concludes with the allegation of the plaintiff's promise not to institute suit on the note, until he had indemnified the defendant or relieved him from his suretyship.   He made an unsuccessful attempt to establish this last allegation by an appeal to the plaintiff's conscience.   The exception being overruled, the defendant filed an answer in which he admits his signature, and avers the plaintiff was not the owner of the note ; that on a settlement of his account as administrator of one Hagler's estate, he has surrendered this note with others in the probate court, and a partition has been made of them, and the one in suit has fallen to the share of some minor heirs of said estate, of whom the plaintiff is not the tutor ;   that the plaintiff is therefore without interest in the note, and payment to him would not discharge the defendant.

When this case was called for trial, the defendant moved for leave to file an amended answer, calling on the plaintiff to answer interrogatories, which was refused, and he took his bill of exceptions.   There was judgment against him, and he appealed.

It appears to us the exception was correctly overruled, as none of the facts set forth were proven.   Leave to file an amended answer at the time when the cause was called for trial, was properly refused as coming too late.

The record shows that in the settlement of the plaintiff's account in the court of probates, the note now sued on was stated to remain unpaid and in suit against the present defendant.   In the partition which soon followed, this note, with other effects, was given to one of the heirs.   This heir acquired with the note the right of the plaintiff in the present suit, which was brought for its recovery. The transfer of this right is a matter of record, which would enable the defendant to discharge himself by payment to the heir, or repel

the claim of the present plaintiff, if he sought to avail himself of the present suit against the defendant to his injury, and that of the heir to whose share the note has fallen. He has therefore shown no good reason or defence against his paying the note.

*Judgment affirmed.*