## WRIGHT, ALLEN & Co. v. C. R. RAILEY AND WIFE.

Where the wife sells her property and the husband receives the price in negotiable paper, the husband may sue on the note in his own name, or in that of the commercial firm of which he is a member.

The knowledge of the husband of any equities which might be pleaded against the note, must be considered as the knowledge of the firm.

The wife, not separate in property from her husband, cannot be made liable for the amount of a note executed by her husband during the marriage, although the consideration of the note was the price of property purchased in the name of the wife, the object being to replace her paraphernal property, which the husband had alienated.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
*Clarke & Bayne*, for plaintiffs. *Gaither & McPheeters*, for defendants and appellants.

MERRICK, C. J. This suit is brought upon a promissory note drawn by *Charles R. Railey* to his own order and endorsed. The wife of *Railey* is made a party to the suit, and judgment is prayed for against her and her husband for the amount of the note, with a privilege upon a slave named *John*, for which the promissory note was given as the price.

The defence to the action is, that plaintiffs are not the owners of the note, and that the consideration of the note has failed, said slave having been sold as a cook, and being affected with the redhibitory vices of drunkenness and inflammatory rheumatism.

In a supplemental answer, it is averred, that said slave is affected with epilepsy and addicted to theft. The supplemental answer having been filed after the commencement of the trial, was properly ordered to be stricken out, as coming too late and changing the issue. Defendants prayed that the note be cancelled and the sale rescinded.

There was judgment against both defendants, and they have appealed.

I. On the question of ownership. The negro was sold by *Mrs. Wright*, the wife of *H. M. Wright*, (one of the plaintiffs,) as her paraphernal property. The slave was bought by *Railey*, in the name of his wife, to replace one of her slaves which *Railey* had sold. Hence *Railey* gave his own note for the price. It is contended that the note was *Mrs. Wright's* note, as much so as the slave, and that her ownership cannot be divested in favor of her husband, and that the attempted transfer is a nullity, for *Wright* having no title to the note from his wife, and being by law incapacitated from acquiring any, could transfer none to his firm.

This subject was considered in the case of the *Succession of Gilmore*, 12 An. 562.

In that case it was (in substance) held, that where the wife sold her property, and suffered the price to be delivered to her husband in negotiable paper transferable by delivery, that a judgment might be rendered upon such paper in the name of the husband, or any other holder, and that such judgment would have the force of the thing adjudged and protect the debtor.

The defendant, in this instance, has no interest in questioning plaintiff's title, further than it may be in the way of the defence upon commercial paper transferred before maturity. And here we think the knowledge of *H. M. Wright* must be considered as the knowledge of the firm. We, therefore, see no objection to the action in the name of the plaintiffs.

II. On the second branch of the case, viz : failure of consideration, we are not satisfied with the sufficiency of defendant's proof on the two grounds of redhibition alleged, and to which (bills of exception having been taken) the proof must be confined. It has been asserted in argument, and not denied, that an action of redhibition is pending between the defendants and *Mrs. Wright* for the causes set up in the answers.

We think defendants' rights ought to be reserved in the judgment.

III. It is further objected, that there is error in the judgment against *Mrs. Railey*, because she made no contract whatever with plaintiffs and is no party to the suit.

This objection is well taken. It does not appear that *Mrs. Railey* is separate in property from her husband. The purchase was, therefore, a purchase on behalf of the community and, perhaps also, a transfer by the head of the community to the wife for the restitution of her paraphernal property. It is clear she cannot bind herself for this debt. *Davidson* v. *Stewart*, 10 L. R. 146.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and we do now order, adjudge and decree, that said plaintiffs do recover and have judgment against said *Charles R. Railey* for the sum of thirteen hundred and eighteen dollars and fifty cents, with eight per cent. interest thereon per annum, from the 4th day of December, 1857,

68

WRIGHT
v.
RAILEY.

until paid, and three dollars cost of protest, and that the plaintiffs have the ven·dor's privilege upon said slave *John* for said debt and interest, reserving to said *Railey* and wife, or either of them, the right to set up and prove in an action of redhibition any matters urged as a defence to this action; and it is further ordered, that the defendants pay the costs of the lower court, and the costs of appeal be divided between the plaintiffs and *Charles R. Railey*.