No. 1837.—CHARLES CASE, Receiver of the First National Bank of New Orleans v. ROBERT WATSON.

A defendant is not permitted to file an amended answer, changing the substance of, or contradicting the original answer. Nor will the simple averment of the defendant, unsuppo.ted by affidavit, that the new matter set up in the amended answer was unknown to him at the time of the filing of the original answer, entitle him to have it filed, if the record makes it probable that he knew the facts as well at the filing of the first answer as he did afterwards.

To exclude the testimony of a witness taken under commission, on the score of interest, which, by the act of March 13, 1867, he is only permitted to give in open court, the record must disclose his liability, and show what interest the witness has in the litigation.

APPEAL from Fifth District Court of New Orleans. *Léaumont*, J. *J. D. Rouse* and *George L. Bright*, for plaintiff and appellant. *Fellows & Mills, L. M. Day*, and *J. R. Beckwith*, for defendant and appellee.

TALIAFERRO, J. This suit is instituted to recover $37,721 11, the amount of a promissory note, made and indorsed by the defendant, and of which the plaintiff avers he is the owner and holder. The defendant filed a peremptory exception and answer to this demand, specially denying the plaintiff's ownership of the note, averring that it had never become an asset of the bank; that it was held by May, at that time president of the bank, for account of whom it might concern; that it was given without any equivalent or consideration, and was merely held by May to represent a transaction between himself and James E. Dunham, given during the temporary absence of Dunham, in place of another note of smaller amount, executed in favor of May for three hundred and fifty shares of the capital stock of the bank which he held as security for the payment of the note. The defendant subsequently filed a supplemental answer, reiterating his former allegations, and detailing more specifically the transaction relating to his execution of the note sued on, and praying judgment in his favor; that May be decreed to be primarily liable, and that the amount to his credit in the bank be charged with the amount of the note; that defendant's action in the matter be recognized as that of a trustee, and that his liability be only for the faithful performance of his trust.

Judgment was rendered in the court below in favor of the defendant, and the plaintiff appealed. The exception, relating to the plaintiff's ownership of the note, was properly overruled. In a case precisely similar, recently before this court, it had occasion to pass upon this question.

It will be proper here to examine two of the several bills of exceptions found in the record; one of which was taken by the plaintiff, the other by the defendant. After the trial of the cause had been gone into, the defendant offered to file a second supplemental answer, in which he averred the bank was the owner of the note, and charged that he was induced to execute it by the fraud, covin, deceit and misrepresentations of May, in collusion with others. This amendment was

objected to by the plaintiff, on the ground that it came too late, being offered after the cause was fixed for trial and even during the trial. That such a proceeding is forbidden by a rule of the district courts of New Orleans. Further, the plaintiff excepted that the amended answer changed the issues tendered by, and contradicted the allegations of, the previous answers. The amended answer was admitted by the court to be filed, to which ruling the plaintiff reserved his bill of exceptions. We think the court erred. Articles 419 and 420, of the Code of Practice, treat of amendments, which are reciprocally allowed in petitions and answers, "provided the amendment does not alter the substance of the demand." A defendant is not permitted to file an amended answer, changing the substance of, or contradicting, the original answer. 20 An. 53; 4 N. S. 516; 8 N. S. 407; 2 An. 453. In this case the defendant, in his original answer, denies that the bank is the owner of the note; and that if it is due by any one, it is due by May. In the third answer he admits the bank is the holder, and that he was induced to execute it through the fraud of May and others. In the first two answers he makes no allegation of fraud. The defendant now sets up that the falsehood and misrepresentation by which he was induced to sign the note, was not discovered until after the case was fixed for trial. This is a mere averment. The case was called and fixed for trial on the twenty-first of December, 1867, more than three months before the filing of the third answer, and the trial commenced seventeen days before it was filed.

We see from the record that he knew of the failure of the bank, and of the insolvency of May, several months before he filed his first answer. He knew when the bank failed what May's knowledge of its. affairs had been probably as well as he could have learned it since.

It has been frequently decided by this court, that an answer can not be amended after the case has been called for trial. 13 An. 536; 1 R. 58; 14 An. 355; 3 R. 123; 11 R. 448; 2 An. 905; 7 An. 576. It is. shown that by a rule of the district courts of New Orleans, that "no amendment shall be permitted to be made to any petition or answer after the cause has been called and set for trial."

The other bill of exceptions we proposed to examine, is the one taken by the defendant to the admission of May's testimony, taken under commission, on the ground that evidence previously taken and found in the record, discloses the fact that May is interested in the result of the suit, and can not, under the provisions of the act of thirteenth of March, 1867, testify in his own favor, unless in open court.

We are unable to see such a disqualifying interest in May as will exclude his testimony, taken under commission. We see no liability on May to pay the note, or what benefit he is to derive from the defendant's having to pay it. We think the admission of the evidence was proper.

The defense which the defendant aims to make is, that he signed the note sued upon to be substituted for that of his friend Dunham, about becoming due in his absence, and unprovided for; that he was induced to do so by request of May, who held certain stock of the bank, belonging to Dunham; to secure him as indorser of the note to be taken up, and that May transferred this stock of Dunham to Watson, the defendant, as security to him for signing the note, representing to Watson that the stock was amply sufficient, and more than ample to secure him; that May represented that a compliance with the request, to sign the note, would prevent the stock being thrown at that time on the market and sacrificed; whereas, in the course of a month or two a large dividend would be declared, and the stock continue valuable. The defendant contends, that if the note have been entered upon the books of the bank, as belonging to it, it was done irregularly; that its amount should have been placed to his credit as the last and only indorser thereon; that the bank gave no consideration for the note; that May, as president and sole manager of the affairs of the bank, well knew why it was given, and no transfer of it to the bank by May could vest any right to it in the bank.

Under the pleadings to which we restrict our examination of this case, we think the defendant has failed to exonerate himself from liability. The evidence of the defendant himself does not, in our view, show that at the time he made the note, May held out inducements to him by saying anything about the value of the stock or the probability of its paying a dividend. Watson says: "To give Mr. Dunham thirty days' grace, I did this (sign the note) as the best thing I could do."

The evidence in the case goes to show that there was, no time, until a considerable period after the maturity of the note, that the stock would not have sold for a sufficient amount to discharge the note. The understanding seems to have been that the stock was to be sold within the thirty days extended for the payment of the note. May, in his testimony, swears "that the note in question was regularly discounted by the bank, and that Watson, on his own order, received the amount. He took up, about the time of receiving the above discount, a note of James E. Dunham for upwards of thirty thousand dollars, which was among the discounted paper of the bank, and one of its assets. Dunham's note was payable on demand; I took the usual course to enforce its payment, that is, notifying Mr. Dunham that it had been called in, and allowing him the usual grace, during which time, Watson called on me, and representing himself as Dunham's friend, requested me not to enforce the payment of Dunham's note, which I declined to agree to. Watson then, or shortly afterwards, presented his own note to me as president of the bank, for upwards of thirty thousand dollars, for discount, which was accepted by me in

the same capacity, for the bank, and, as before stated, he afterwards took up Dunham's note, evidently to my mind, with the funds he received from the bank on his own note; a few days afterwards he called upon me again and requested a transfer of the three hundred and fifty shares of the stock I had received from Dunham, which I agreed to and did transfer (as the trasfer book will show) to him upon being satisfied that I was released from liability as indorser on Dunham's note." He states further that Dunham's note never belonged to him in any way—that it was regularly discounted by the bank for account of James E. Dunham.

We are satisfied from the evidence presented that the judgment appealed from ought to be reversed.

It is therefore ordered that the judgment of the district court be annulled, avoided and reversed. It is further ordered, adjudged and decreed that the plaintiff recover from the defendant the sum of thirty-seven thousand seven hundred and twenty-one dollars and eleven cents, with interest at eight per cent. per annum from eighteenth of April, 1867, until paid, and all costs of suit.

Justices Howell and Howe are recused in this case.

Rehearing refused.