No. 151.—L. P. Spyker *v.* E. C. Hart.

'The legal representatives of the defendant having adopted the allegations in the answer filed by the deceased, will not be permitted afterwards to file an amended answer contradicting the allegations in the first answer. Nor will the amendment be permitted if not made within the time allowed by the rules of the court. Case *v.* Watson, ante p. 350.

An obligation given for a part of the purchase price of land is not invalid because the value of Confederate notes was taken as the standard by which the value of the land was measured.

APPEAL from the District Court, parish of Caddo. *J. C. Moncure,* (attorney at law), Special Judge, *vice* Levisee, J., recused. *Nutt & Leonard,* for plaintiff and appellee. *Egan, Williamson & Wise* and *Land & Taylor,* for defendant and appellant.

Howe, J. This action was instituted upon the following obligation:

" Received, Shreveport, Louisiana, February 24, 1864, of Robert C. Cummings, fourteen thousand dollars, in full payment of one hundred bales of cotton, weighing four hundred and fifty pounds, each. R. C. Cummings takes fire and war risks and furnishes bagging and rope to bale same. E. C. Hart is to gin and bale said cotton and all other risks, except as stated above.

(Signed) E. C. HART.

Indorsed : R. C. Cummings.

The plaintiff as transferree of Cummings, claimed one hundred bales of cotton or their value. The defendant answered that the consideration of the obligation was illegal and void, being Confederate notes. He averred that at the date of the obligation it was well known to Cummings that the defendant had no cotton, but would have to raise it; that he was prevented from raising it by war, and this was a war risk assumed by Cummings. He denied the ownership by plaintiff of the obligation.

Pending the action both parties died, and it was carried on in the names of their respective representatives.

We find two bills of exceptions to the refusal of the judge *a quo* to permit the representatives of the defendant to amend their answer after the cause had been fixed for trial. We see no error in the ruling. The amendments proposed were too late by the rule of the court, and were contradictory of the allegations of the answer filed by deceased, and which the administrators had at first adopted. See Case *v.* Watson, lately decided, 22 An. 350.

We gather from the evidence as a whole, that in 1864, Cummings and· Mrs. Paulina Pickett sold to Hart a valuable tract of land near Shreveport, for the price of seventy-five thousand dollars, which sum, is said by the act of sale, to have been paid in cash. It appears, however, that, as matter of fact, but sixty-one thousand dollars were paid, and this in Confederate notes. For the balance of the price of the land, fourteen thousand dollars, the obligation in suit was given.

·Confederate notes were undoubtedly the standard of value, but they were not the consideration of the obligation. The consideration was land.

The defendants, appellants, rely in part, upon the case of Fournet *v.* Beer, 21 An. 658, in which this court said that the payment of a portion of the price of a lot of sugar in Confederate notes, where the price was evidently regulated by the value of that paper as a basis, raised a strong presumption that the whole price was to be paid in the same currency. We may remark that the case cited was published in error, a rehearing having been granted at the close of the Opelousas term of 1869, and the decree not being yet final. But, conceding the correctness of the legal propositions enunciated in that decision, yet the facts of the case were different from those now before us. In Fournet *v.* Beer, there was an agreement to pay money for sugar, and it was held that the agreement was to pay "Confederate money." Here the agreement, as explained by the testimony, is to give cotton for land, and where cotton is to be given for land it can make no legal difference by what standard the respective value of the objects of sale is fixed. They would bear the same mathematical proportion to each other in any case.

The other defenses set up are not established; and it is shown that the plaintiff acquired the obligation for value. We find no error therefore in the judgment which was in favor of the plaintiff.

Judgment affirmed.