JORDAN v. THE CHECKER CAB CO., INC.

(February 11, 1928. Opinion and Decree.)
(March 4, 1929. Rehearing Refused.)

Samuel J. Tennant, Jr., of New Orleans, attorney for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

JONES, J.   Plaintiff sues individually and as tutrix for her minor daughter, for damages for personal injuries alleged to have been caused to both by defendant, who were passengers in its cab, when its chauffeur negligently ran into a parked car upon St. Charles Avenue in the 4900 block.

Defendant first filed an exception of no cause of action and when this was overruled, answered denying specifically all allegations of the petition.   Later it filed a supplemental answer averring that the collision had been caused by an unknown driver of a large automobile, which had bumped into defendant's car, as it was going up St. Charles Avenue and knocked it over into the parked car.   The trial judge later rescinded his order permitting the filing of the supplemental answer on the ground that it changed the issue between the parties, the first answer having denied the collision entirely and the second having admitted it.

This ruling was correct.   See Code of Practice, Arts. 419 and 420.

Charles Case, Receiver of the First National Bank of New Orleans vs. Robert Watson, 22 La. Ann. 350.

L. P. Spyker vs. E. C. Hart, 22 La. Ann. 534.

E. J. Hart Co. vs. Mrs. M. J. Bowie et al., 34 La. Ann. 323.

Jamison vs. Charles F. Cullon & Co., 110 La. Ann. 781, 34 So. 775.

Roe et al. vs. Caldwell, 145 La. 853, 83 So. 43.

State et al. vs. Bozeman et al., 156 La. 635, 101 So. 4.

There was judgment for plaintiff, individually for $1,000.00 and as tutrix for her minor daughter for $100.00 and defendant has appealed.

The alleged negligence is abundantly proven by the uncontradicted testimony of both plaintiff and her daughter, as the defendant was properly not allowed to offer any testimony in support of his supplemental answer.

The amount allowed to plaintiff individually is excessive.   The record shows that the enamel on one of her front teeth was broken by the impact and several of her front teeth were loosened.

Dr. Gueno, the dentist who put the filling in the broken tooth, testified that the tooth had been extremely sensitive when she first came to his office and that he thought it possible that later the nerve would die in the tooth and an abscess might form, that it took him five sittings to prepare the tooth and fix it properly and that during the entire time, he found it very sensitive, and that Mrs. Jordan had suffered intense pain as several other teeth were loosened by the collision.

Plaintiff testified that she was forced to remain in bed seven days except for the short space of time that she took to go to the dental office on the third day, which visit had been necessary because the broken tooth had a jagged point and was cutting her lip. She further testified that her nose was mashed and her right arm and right shoulder badly wrenched, and that she suffered several bruises and sprains on the rest of her body.

As she did not call in a physician to treat the contusions and wounds, we are forced to conclude that they were not so serious as pictured in her testimony. We do not find anything in the record to confirm the allegations of plaintiff that her beauty had been considerably lessened by the injury.

We have decided to affirm the judgment and reduce the amount allowed plaintiff to $500.00.

Although the testimony as to the injuries of plaintiff's daughter who was about seventeen years of age at the time of the accident, is very meager, we think that the amount allowed, namely, $100.00, does substantial justice, as she evidently suffered some bruises and some shock.

It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Mrs. Nell V. Jordan, and against the Checker Cab Company in the sum of $500.00, and it is further ordered, adjudged and decreed that there be judgment in favor of Mrs. Nell V. Jordan, as tutrix of her minor daughter, Loraine Jordan, in the sum of $100.00 with 5% interest from judicial demand, cost of the lower court to be paid by defendant and cost of the appellate court by plaintiff.