EDWARDS v. MONAHAN, JR., ET AL.

(March 4, 1929. Opinion and Decree.)

Hugh M. Wilkinson, McCloskey and Benedict, of New Orleans, attorneys for plaintiff, appellee.

Milner and Porteous, of New Orleans, attorneys for defendants, appellants.

JONES, J.  Plaintiff alleges that on Sunday, October 4, 1925, about 3:00 p. m., he was struck by a car driven by Thomas P. Monahan, Jr., one of the defendants, at the corner of Prytania Street and Louisiana Avenue, in this city.  He claims of the father, as owner of the car, and of the son, as driver, the sum of $5,000.00 as damages for a fracture of the wrist sustained by him.  He alleges that he was walking along the uptown side of Louisiana Avenue in the direction of the river, and upon reaching Prytania stopped, looked and listened, and seeing nothing approaching except a down-bound street car, stepped into Prytania Street to board the car, when, without warning, he was struck by an automobile which was then being driven by Thomas P. Monahan, Jr.  The following specific charges of negligence were made:

(1)  Failure of defendant to have his automobile under control when turning into a right of way street, without stopping, as required by traffic ordinance.

(2)  Failure to blow a horn.

(3)  Failure to look ahead and observe petitioner.

(4) Turning the corner of Prytania Street and Louisiana Avenue at a speed in excess of fifteen miles an hour.

The father and son are made defendants because at the time of filing suit it was not known definitely whether the son was a minor.

Defendants admit that T. P. Monahan, Jr., was driving the car, but deny that it ran into plaintiff, and especially aver that plaintiff was too intoxicated to cross the street in safety, and that any injury which he might have sustained was the direct result of his intoxicated condition and of his negligence caused thereby.

The original answer was filed on November 19, 1926, and a supplemental answer on February 13, 1928, the day before trial. In the latter document it was averred that the car was being driven by Adolph Jastram and not by T. P. Monahan, Jr., as had been admitted in original answer. On the trial of the case plaintiff's attorney objected to any evidence tending to sustain the supplemental answer on the ground that it changed the issue, and the trial judge sustained the objection. This ruling was correct, as the defendant had admitted in his first answer that T. P. Monahan, Jr., was driving the car.

The case was tried before a jury and a verdict of a thousand dollars was awarded plaintiff. Defendant has appealed but plaintiff has not answered the appeal.

Although there is the usual conflict of testimony, we find that the defendant has entirely failed to prove his special defense of intoxication and that the record, taken as a whole, proves the charges of negligence as set forth in plaintiff's petition, as we are convinced that the driver of the car entirely failed to obey the traffic ordinance in making the turn from Louisiana Avenue into Prytania Street.

The injuries sustained amply justify the amount awarded by the trial court.

For above reasons the judgment is affirmed.