REID, Judge.
This is a suit on open account brought by Albert J. Ruhlman and Imelda Bourgeois Ruhlman for restaurant equipment alleged to have been sold by the plaintiff to the defendants for the sum of $4,228.38. The petition alleges that the defendants were commercial partners and that the equipment was purchased by them to equip a floating night club called The Floating Palace which was owned equally by the defendants and operated as a commercial partnership.
The defendant, Lester Fremin filed his answer stating that the entire indebtedness was the obligation of the defendant, Fred James, denying that he purchased the equipment but admitted that a commercial partnership did exist between him and Fred James, but same had been dissolved and Fred James had assumed all obligations of the former partnership. See Article IV of the original answer.
On June 23, 1960 the case was fixed for trial on November 17, 1960. On November 14, 1960 the defendant, Lester Fremin, through his attorney moved to file an amended answer, changing Paragraphs 4, 7, and 8 of the original answer filed herein on June 20, 1960 and inserted an extra paragraph known as Article XIX in the following respect, to-wit:
1. By changing paragraph IV hereof to read as follows: defendant admits that he had interests in The Floating Palace at the time but only in so far as the defendant had aided in the financing of said floating night club; and only in that capacity were his interests involved and never at anytime was there a commercial partnership existing between the said defendant and Fred James.
2. By changing paragraph VII thereof to read as follows: Further answering defendant, Lester Fremin avers that by deed dated September 24, 1959 he conveyed to defendant, Fred James, all of his interest in the said Floating Palace; and that part of the consideration for said transfer was the assumption by Fred James of all of the liabilities incurred by the said parties.
3. By changing paragraph VIII thereof to read as follows: defendant further alleges in the alternative that if this Court should rule that there existed a partnership; and said partnership being obligated for said debts; then, and in that event the said partnership would be an ordinary partnership and defendant, Lester Fremin, is only liable for an undivided one-half thereof.
4. By adding an additional paragraph to be numbered paragraph XIX as follows: The prior answer filed herein was based on misrepresentation of parties other than defendant and that the undersigned counsel inadvertently admitted partnership when in truth and in fact there was no partnership as a trial on the merits will disclose to this Honorable Court.
The Counsel of the plaintiff being present in Court objected to the filing of said amended answer on the grounds that the same would change the issues. The Court directed the amended answer be filed subject to the objection by Counsel for the plaintiff.
On November 17, 1960 the date fixed for the trial of the case, Counsel for the plaintiff moved to strike the amended answer filed by the defendant, Lester Fremin, on November 14, 1960 on the grounds that the same changed the issues and the Court ruled that the matter would be taken up and tried first on the petition, the original answer of the defendants and then the matter would be heard on the issues raised by the amended answer, subject to the objection of the Counsel for plaintiff.
The case was tried on the merits as to the defendant, Lester Fremin and the Default as to Fred James. On the same date the Court rendered Judgment in favor of the plaintiff and against the defendant *115 Lester Fremin and Fred James in solido, and from this Judgment the defendant, Lester Fremin, has appealed.
The first question to be considered is the question as to whether or not the defendant was entitled to file the supplemental and amended answer. All through the taking of the testimony Counsel for plaintiff urged his objection to the testimony of the facts set out in the amended answer and the Court heard the testimony subject to the objection. The Court feels that the District Judge should have refused to authorize the filing of the amended answer because it would change an issue of fact, namely, whether or not it was a commercial partnership between the defendants, Lester Fremin and Fred James. In Code of Practice, Articles 419, 420 a defendant could not amend his answer if it altered the substance of his original answer.
See also: Jordan vs. Checker Cab Company, Inc., 10 La.App. 132, 120 So. 426; Edwards vs. Monohan, 10 La.App. 41, 120 So. 881; State of Louisiana vs. Bozeman, 156 La. 635, 101 So. 4.
Counsel for defendant contends that he has a right to file an amended answer, where an allegation is based on an error of fact. We do not see where he can claim there was an error of law in the relations between the two defendants. There was an alleged partnership and an admission of same by the defendants who further claimed that the partnership had been dissolved and the debts assumed by Fred James. However, the lower Court after having heard all the evidence decided that the defendant, Lester Fremin was liable for the debts in solido as a partner with Fred James. This is on the basis that a commercial partnership existed between them, which finding we deemed to be correct. The lower Court found in effect that Ruhlman sold the merchandise which is the subject of this suit,- to the partnership but only on the strength of the credit rating of Lester Fremin.
The facts as found by the able trial Judge show clearly that Fremin and James went to the office of plaintiff company and ordered the bill of goods which is the basis of this suit. The goods were ordered in the presence of Mr. Fremin and in his name. . The plaintiff gave Mr. Fremin a. copy of the original order but did not require him to sign it as he had done business with Mr. Fremin very satisfactorily for many years.
Mr. Fremin’s own testimony was that he and Fred James went to Beaumont, Texas and purchased the San Marcus, a boat to be used as a floating night club and changed the name to The Floating Palace for $7,000. The title to the boat was taken in the name of both Fremin and James and both signed the chattel mortgage securing the purchase price. The boat was then towed from Beaumont to Houma, Louisiana, where it was anchored to be operated and used as a floating night club. The next natural thing for them to do was to provide the equipment to be installed in the night club and for this purpose both men appeared at the office of the plaintiff.
The above circumstances as well as all the facts of this case convinces us that the relationship between the two defendants Fremin and James, was that of a commercial co-partnership under which both partners are liable in solido for the debts of the partnership.
The plaintiff testified that he would not have sold a bill of goods amounting to over $4,000 to Fred James whom he did not know and had never seen before or since. He testified further that the defendant Fremin spent two or three hours in the warehouse selecting the major items to be purchased but that Mr. James just selected a few minor items such as glasses, hi-ball glasses, and other small equipment. The goods were to be delivered to The Floating Palace, and Mr. Ruhlman wrote on the invoice this, “Fred James” meaning to contact him when delivery was made if no one *116 was on the boat. It is no question but that the goods were delivered to The Floating Palace and signed for by a man named Bud LaFitte.
Subsequent to that on the 24th day of September, 1959 the defendant Fremin sold the boat, The Floating Palace together with all tables, chairs, bar equipment and any and every facility attached to the said boat and stationed thereon, for the price and sum of $13,500 for which a mortgage note in the sum of $13,000 was executed. Subsequently, Fremin foreclosed on this mortgage and purchased same at sheriff’s sale in the matter entitled, Lester Fremin vs. 20,067 Fred B. James. The plaintiff identified most of the items listed in the sheriff’s deed as being property which he had sold to Fremin.
We do not see how Fremin could have sold the equipment located in this boat if he had not had title or some interest in the same. Fremin denied that he had purchased the equipment, denied that he was a partner in The Floating Palace and offered various liquor licenses and testimony of several liquor salesmen that they had dealt with Fred James.
However, it is hard to believe that Fremin would have bought the boat in his name jointly with James, had it towed to Houma, and gone with James to the plaintiff’s concern to purchase the equipment to be delivered to the boat for the use for which it was purchased if he did not have any interest in the business venture or was not a partner in the same. If he had wanted to protect himself for money which he had advanced to James he could certainly have done so by taking mortgage notes as evidence of indebtedness.
The issues in this case are factual and the Judge of the lower Court found for the plaintiff.
This Court will not overrule the lower Court’s decision on questions of fact unless manifestly erroneous. We believe the findings by the lower Court are substantiated by the evidence;
Therefore the Judgment of the District Court is affirmed.