JOE R. VIDRINE, Judge.
This is a suit to recover a balance on account for services rendered by Philip J. Thompson, d/b/a Thompson’s Refrigeration Sales and Service, hereinafter referred to simply as Appellee, to Robert W. Bland, d/b/a Bland Produce Company, referred to hereinafter simply as Appellant.
The appellant is in the business of wholesaling bananas, and the appellee is in the business of repairing and servicing refrigeration equipment; the appellant had retained the services of appellee over a period of years, on an open account basis. On October 10, 1958, appellee filed suit against appellant on an open account, covering the period of January 11, 1955 through the date of the filing of the petition, alleging that he rendered repair services to appellant during *771 that period, in the amount of One Thousand, Five Hundred Twenty-nine and 38/100 ($1,529.38) Dollars, and that he only received payments on said account in the sum of Three Hundred Seventy-five ($375.00) Dollars; before answer was filed, appellee amended his petition to include an additional item of Four Hundred Ninety-one and 38/100 ($491.38) Dollars, as a balance brought forward as of January 1, 1955, and again alleged that he had only received Three Hundred Seventy-five ($375.-00) Dollars from appellant, during the period from September 13, 1954 to the date of the filing of the suit.
On February 17, 1959, appellant filed his answer denying that he was indebted to appellee, and alleged that he did receive services from the appellee, but in a disputable amount; appellant further alleged an oral compromise agreement in the sum of One Thousand ($1,000.00) Dollars, and he further alleged payment of Five Hundred ($500.00) Dollars on this agreement, and a set-off of Five Hundred ($500.00) Dollars for machinery which was owned by appellant and which appellee was holding.
On the morning of the trial, appellant moved for a continuance on the grounds that he had just found cancelled checks. This motion was denied by the trial court.
On July 11, 1960, judgment was rendered in favor of plaintiff in the sum of One Thousand Three Hundred Thirteen and 54/100 ($1,313.54) Dollars, together with legal interest and costs. Prior to the signing of this judgment on July 15, 1960, appellant filed a motion for a re-hearing, which was denied.
On July 26, 1960, appellant filed a petition praying for the nullity of the judgment above mentioned, for the reason that it was obtained through ill practices on the part of appellee in whose favor it was rendered, in that he alleged that appellant was indebted to him in the sum of Two Thousand Twenty and 76/100 ($2,020.76) Dollars, and that appellant had only paid Three Hundred Seventy-five and 00/100 ($375.00) Dollars during the period from September 13, 1954, to the date of the filing of suit, when in truth and in fact, appellant had paid to ap-pellee the full sum of Two Thousand Seven Hundred ($2,700.00) Dollars during that period, and that appellant was not indebted to appellee in any amount, but on the contrary, appellee was actually indebted to appellant in the sum of Eight Hundred Eighty-six and 46/100 ($886.46) Dollars. Appellant further alleged that when he filed his answer to the original suit, he could not find the cancelled checks or receipts, and that he was denied a continuance in order to amend his answer. On September 13, 1960, appellee filed exceptions to the citation, no cause or right of action, and res judicata, which exceptions were maintained on January 3, 1961, and signed on January 9, 1961.
On November 7, 1960, appellant filed a petition praying for a restraining order and injunction to restrain the appellee and the Sheriff of the Civil District Court for the Parish of Orleans from issuing execution on the judgment, and appellant specially pleaded compensation or set-off; appellant further alleged that the afore-mentioned judgment was obtained through improper practice and procedure in that appellee had sworn falsely in his original petition and his amended petition, and while a witness on the stand, and that under these circumstances, appellant was deprived of his legal rights.
Appellee filed exceptions of want of proper citation, vagueness, no cause or right of action and res judicata to this petition, and on November 28, 1960, the trial judge rendered judgment maintaining the exceptions of no cause of action and res judicata, and recalled and vacated the temporary restraining order previously issued, and discharged the rule nisi. This judgment was signed on December 2, 1960. Appellant applied to this court for writs of review, and on December 21, 1960, this court refused the writs, stating that “relator has not made a sufficient showing to justify this court in exercising its supervisory jurisdiction”.
*772 The real issue presented to this court is whether or not the trial court abused its discretion in refusing the continuance on the day of the trial. According to the record, suit was filed October 10, 1958; it was tried July 7th, 1960. The record further reveals that the appellee at all times attempted to get the case set for trial and for some reason or another the case was set aside on numerous occasions.
It is to be noted also that the appellant on the day of the trial did not seek to amend his answer instanter but rather asked the court for a continuance of the trial. The trial court’s reason for refusing the continuance was :
“However, in this matter, the court has discussed the matter with counsel in chambers, and since there is no plea of payment at any time in the answer, I will deny the continuance.”
It is further in evidence that counsel for appellant made copious notes of invoices and other evidence in the files of appellee’s attorney. These invoices were examined thoroughly by counsel for appellant and he was well aware of the claim appellee was going to prove on the day of trial. The fact that suit was filed almost two years before it went to trial is sufficient to convince us that appellant was well aware of the claim being made by the appellee. As was stated in the case of Thornton v. Willis, La.App., 106 So.2d 337, 342:
“A still further persuasive circumstance in this regard must be inferred from the fact that the identical account upon which defendant relies had been presented to and received by plaintiff’s attorney almost four months before institution of this suit, and plaintiff was therefore cognizant of the items reflected by the account upon which defendant relied.”
While the record does not reveal that appellant sought a continuance for the purpose of amending his answer, in view of the strenuous argument made by counsel for appellant that the trial court should have permitted him to amend his answer, we will comment thereon. The case of Hartman-Salmen Company v. Maloney, La.App., 156 So. 83, at page 87, and the cases therein cited amply support the trial judge’s ruling. The trial court’s refusal to grant a continuance was upheld in that case, and the court reasoned:
“Was the ruling of the trial court correct in refusing to permit the defendant to file a supplemental answer and petition in reconvention, after having entered a general denial ? The record shows that the defendant’s original answer was filed on October 7, 1931. Thereafter the case was set for trial on the merits on a number of occasions and continued each time on defendant’s request, and particularly on March 17, 1932. On March 29, 1932, defendant attempted to file the supplemental and amended answer and reconventional demand.
“In this supplemental answer and petition of reconvention, defendant sought to specially plead that the materials furnished were so defective that he suffered damages as the result of the use of them and, therefore, was entitled not only to recover the alleged damages sustained, but also to be relieved of the payment of the purchase price thereof. The allegations of the original petition are the usual ones made where the suit is predicated on an open account. Defendant was content to simply deny those allegations.
“In Babcock v. Shirley, 11 La. [73] 75, the court said:
“ ‘This case turns mainly upon the question whether the court below erred in refusing the defendant leave to amend his answer, after having pleaded the general denial, by alleging a failure of consideration in the contract sought to be enforced. * * *
*773 “ ‘The appellees rely upon articles 419 and 420 of the Code of Practice, and several decisions of this court, in support of the proposition, that such an amendment is inadmissible after issue joined upon the general denial. These articles authorize the plaintiff, even after issue joined, to amend his petition, provided the amendment does not alter the substance of his demand by making it different from the one originally brought; and the defendant, to amend his answer, subj ect to the same rules, and add to it new exceptions, provided they be not of the dilatory kind.
“ ‘The Code has thus restrained the discretion of courts, in relation to amendments, instead of allowing its liberal exercise for the furtherance of justice. This court has already had occasion to give an interpretation to these articles, and the question here raised must be considered as settled. In the case of Calvert v. Tunstall, 2 La. 207, it was held, that after the general denial, an amended answer setting up a want of consideration could not be received. The two cases cannot be distinguished.’
“To the same effect see Jamison v. Charles F. Cullom & Company, 110 La. 781, 34 So. 775.
“In the case of Jordan v. Checker Cab Co., 10 La.App. 132, 120 So. 426, the plaintiff sued for damages for personal injuries. The defendant entered a general denial. Later defendant was permitted to file a supplemental answer averring that the collision had been caused by an unknown driver running into defendant’s taxicab. The trial court subsequently rescinded the order permitting the filing of the supplemental answer and the Court of Appeal held that the ruling was correct.”
“In the case of State v. Bozeman, 156 La. 635, 101 So. 4, 6, the Supreme Court said:
“ ‘Defendants sought to file supplemental and amended answers, containing a plea of estoppel and a plea to the jurisdiction, on the day of the trial. Plaintiffs objected to “all portions of the answers except such as question the jurisdiction of the court,” on the ground that they came too late, and that they changed the issues after the case was at issue. The objection was sustained, reserving defendants the right to renew it to the objectionable portion of the answers “if the evidence introduced by the plaintiffs will justify it.” Defendants excepted to the ruling of the court. * * *
“ ‘We think the ruling of the court was correct, first, because the amendments were tendered after the case was fixed and called for trial (McKown v. Mathes, 19 La. 542; Duval v. Kellam, 1 Rob. 58; Wright v. Railey, 13 La.Ann. 536; Case v. Watson, 22 La.Ann. 350; Spyker v. Hart, 22 La.Ann. 534); secondly, because the issues had been made up between the parties and could not be changed by further pleadings (McKown v. Mathes, 19 La. 542; Case v. Watson, 22 La.Ann. [350] 351; Guilbeau v. Thibodeau, 30 La.Ann. 1099; Schmidt & Ziegler v. Ittman, 46 La.Ann. [888] 894, 15 So. 310).’
“As we view the case, the general denial was equivalent to the defendant denying that he purchased the materials from the plaintiff. The supplemental answer sought to be filed was tantamount to an admission of the purchase of the material, but that there was a failure of consideration because the material was defective. Certainly this was changing the issue and the amendment was not permissible under the articles, Nos. 419 and 420 of the Code of Practice.”
*774 The law is well settled that the payment as a defense must be set out as a special plea. Code of Practice Articles 345 and 346, J. R. Watkins Company v. Calhoun, 219 La. 151, 52 So.2d 528. Further, when the defendant pleads payment, he must of necessity admit the debt existed. In this case, the defendant at all times maintained his position of general denial and exacted detailed proof by appellee of each and every item of work done and material furnished. Therefore, we are convinced that the trial court did not commit error in refusing a continuance to appellant on the day of trial.
The Court, therefore, properly rejected evidence of payment which the appellant sought to introduce on the trial of this case.
The third assignment of error is leveled at the trial court’s maintaining appellee’s exceptions of no cause of action and res judicata leveled at appellant’s petition for nullity.
In his petition for nullity of judgment, the appellant reiterated the facts which appear hereinabove and asked that said judgment should be annulled and set aside for the reason that it was obtained through ill practices on the part of defendant in whose favor it was rendered, in the following particulars : In that the appellee swore falsely in his original petition and also testified falsely when he stated that the petitioner was indebted to him in the sum of One Thousand Three Hundred Thirteen and 54/100 ($1,313.54) Dollars. This is without merit since while the appellant was able to show that the actual credit was Five Hundred ($500.00) Dollars instead of Three Hundred Seventy-five ($375.00) Dollars, the lower court nevertheless granted judgment to appellee which is certainly supported by the evidence at the trial of this case. As was said in the case of Scruggs v. Butler Furniture Company, La.App., 104 So.2d 178:
“Petitions are, in most instances, prepared by counsel and, while the law requires that an affidavit of the plaintiff be made thereto, it is a well known fact that many allegations are made which are either incorrect or not capable of being proved. But no one, I dare say, would have the temerity to suggest that charges made in a petition which cannot be sustained are fraudulent for the defendant has his day in court to combat the case alleged against him.”
Thus, the fact that the appellant was able to prove that he had actually paid Five Hundred ($500.00) Dollars to the appellee instead of the Three Hundred Seventy-five ($375.00) Dollars credit given by the appellee, certainly is no ground to nullify a judgment which has been passed upon by the court. As for the allegations that the checks could not be found until two days before the trial, we note that appellant has not alleged that said checks could not he found after due diligence in searching for said cancelled checks. As a matter of fact, in this case, the appellant had almost two years to locate any checks which might show payment of the invoices which were presented to the court for judgment. The rule is that if by reasonable diligence appellant could have known such matter, or if he had been guilty of laches, he cannot be relieved. Norris v. Fristoe, 3 La.Ann. 646; Swain v. Sampson, 6 La.Ann. 799.
Therefore, the trial court was correct in sustaining the exception of no cause of action to the petition for nullity of judgment.
The next error assigned by appellant on the part of the lower court is that the trial court should have overruled the exceptions of no cause of action and res judicata to his petition for injunction. The appellant cites LSA-C.C. Article 2207 and 2208 and argues that compensation is a form of payment which takes place by mere operation of law. He further cites Article 367 of the Louisiana Code of Practice and argues that appellant has the right to plead compensation or set-off at every stage of the proceeding, providing it be pleaded specially. Appellant argues that *775 this was done in his petition for injunction. Of course, the answer to that proposition is that an injunction obtained enjoining the execution of a judgment must be based on payment subsequent to the judgment being rendered. As is said in the case of De Lizardi v. Hardaway, 8 Rob. 22:
“One who lets judgment go against him, without pleading compensation, does not lose his claim but must sue for it separately. He cannot enjoin to plead compensation by way of exception unless he shows he acquired a claim after judgment.”
Thus, the trial court was correct in sustaining the exception of no cause of action to the petition for injunctive relief.
With reference to the exception of res judicata filed by the appellee, the law is well settled that if there be no other ground for annulling a judgment than error of decision upon the issues involved, the decision upon those issues is final as between the parties to the litigation and operates as res judicata. See Wunderlich v. Palmisano, La.App., 177 So. 843. Thus, in this case the appellant failed to plead payment in his answer and relied on his general denial; and when he was met by objection to his evidence at the trial of this matter, he was unable to introduce cancelled checks which may or may not show payment of any items sued upon. Because of this, he attempted to annul the judgment but no ground exists to annul a judgment which has been obtained without fraud or ill practices. He was likewise unable to enjoin the execution thereof for the same reasons.
Therefore, the trial court was correct in its decision and the record amply supports the judgment. Appellee suggests that the amount of the judgment should be increased to One Thousand Six Hundred Forty-five and 81/100 ($1,645.81) Dollars. However, upon examination of the record, we find that the trial court correctly calculated the amount owed by appellant to be the sum of One Thousand Three Hundred Thirteen and 54/100 ($1,313.54) Dollars.
For the reasons assigned, judgment of the trial court is affirmed. Appellant to pay all costs.
Affirmed.