O’NIELL, J.
Defendant appeals from a judgment condemning him to pay -his pro rata share of the cost of the paving and •curbing of sidewalks in the city of Lafayette. He pleads four defenses to the suit, viz.:
(1) That the ordinance calling for bids for the paving and curbing of the sidewalks was published in only one newspaper in the city of Lafayette, notwithstanding there were three newspapers published in that city.
<(2) That he is charged a proportionate share of the cost not only of the paving and curbing but also of the drains or gutters that were constructed at the outer, edge of the sidewalk.
(3) That he is charged for the exact cost of the work that was done in front of his property line, instead of being charged such sum as bears the same proportion to the total cost as the measurement of his property line bears to the total linear measurement of pavement that was done.
(4) That he is charged for the cost of the pavement, curbing, and drain or gutter at the street corner, or square of pavement formed by the intersection of the property lines at the crossing of two streets.
[1] The municipal authorities proceeded according to the provisions of Act 147 of 1902 (p. 261), authorizing cities and towns to pave or otherwise improve sidewalks and curbings, and to levy and collect special taxes or local contributions on real estate abutting the sidewalks, to pay the cost of the work.
Defendant’s first complaint refers to a provision in the second section of the statute, which requires that 10 days’ notice of the ordinance calling for bids for the work “shall be given in newspapers published in the city or town.” In this instance, the ordinance calling for bids for the work was published only in the official journal of the city, notwithstanding there were two other newspapers published in the city. It is not disputed that the ordinance was published in every issue of the official journal during a period exceeding 10 days before the bids were opened or the contract let. Defendant’s only complaint, in that respect, is that the ordi-' nance or notice thereof should have been published in at least two of- the newspapers *169 published in the city, to comply with the strict letter of the statute, “shall be published in newspapers.” If we should adopt such a strict construction of the law, it would be impossible for a municipality in which, only one newspaper is published to comply with the statute. Our opinion is that the Legislature, in using the word “newspapers,” in the plural, meant that the notice should be given in every issue of a newspaper, or be published more than once, during the 10 days preceding the awarding of the contract. In a sense, a publication appearing in more than one copy of only one issue of a newspaper is published in newspapers. Be that as it may, the publication of the ordinance in this instance was a substantial compliance with the statute.
[2] AVith regard to the drains or gutters, it appears from the record that a gutter or drain, not exceeding 20 inches in width, was constructed along the outer edge of the curbing. The objection to the cost of these drains or gutters is answered by the ruling of this court in Redersheimer v. Bruning, 113 La. 343, 36 South. 990, that authority to pave a sidewalk includes, as a necessary incident, authority to grade, curb, and drain the sidewalk.
[3] Defendant’s third complaint, that he has been charged the exact cost of the work done in front of his property line, instead of being charged the sum which bears the same proportion to the total cost of the work that the length of his property line bears to the total linear measurement of sidewalk that was paved, is not borne out by the record. By the ordinance levying the local assessments, defendant was assessed only for his pro rata share of the cost of the work, in the proportion which the measurement of his property line bore to the total linear- feet of pavement; which method of assessment is in accord with section 3 of Act 147 of 1902.
[4] AVith regard to defendant’s fourth complaint, the record does not show that he was charged the cost of paving, curbing, or draining the square of sidewalk formed by> the intersection of a continuation of his property lines at a street corner. The cost of paving the squares at the street corners was included in the total cost of the work and was therefore charged pro rata against the proprietors of the lots abutting the streets that were paved; which, in our opinion, was the only fair or proper method of absorbing the cost of pavement at the street corners. The statute does not particularly provide for the cost of the pavement at the street corners, but provides, in section 3, that the owners of the real estate abutting the sidewalks that are paved, curbed, or otherwise improved, shall pay the entire cost of the work, on the basis of the respective frontage of the property on the sidewalk that is paved, curbed, or otherwise improved.
Our conclusion is that the judgment appealed from is correct.
The judgment is affirmed, at the cost of appellant.