### No. 3452

### Second Circuit

### ADAMS v. TOWN OF RUSTON

(December 19, 1928. Opinion and Decree.)
(January 21, 1929. Rehearing Refused.)
(February 11, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Elder, Thompson and Digby, of Ruston, attorneys for plaintiff, appellee.

Barksdale, Warren and McBride, of Ruston, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. The plaintiff, claiming to be the owner of the south sixty feet of lot four of block fifty-eight of the Dabney subdivision to the Town of Ruston, in Lincoln Parish, Louisiana, and—

"That the town of Ruston has recently interfered with your petitioner's ownership and possession of the said property by going thereupon, through its agents and employees, and has erected a street thereon and has gravelled the same and laid a water main and is holding the same out to the public as a street in the said town, when in truth and in fact the property has never been dedicated to the public on is solely owned by your petitioner by deeds of record."

Plaintiff prayed that he be recognized as the owner of the land and that defendant be restrained from interfering with his possession thereof.

A temporary restraining order was issued.

Defendant filed an exception of no right or cause of action and also pleaded the prescription of two and ten years in bar of plaintiff's right of action.

The temporary restraining order was thereupon recalled.

The defendant answered that:

"Defendant admits that it has erected a street, gravelled the same, laid water mains therein, and holds the same out to the public as a street, along and abutting the south boundary of block 58 of Dabney's Subdivision extending from Vienna street to Trenton street and beyond in both directions, forming a continuous thoroughfare; and it avers that said street has been so constructed, held by the town of Ruston, used as a street and occupied by improved roadway ditches, sidewalks, water and sewer pipes, telephone and electric light poles and lines, and other like works, for more than thirty years prior to filing this suit continuously and without interruption."

"Further answering, defendant avers that said street does not encroach upon any land embraced in Dabney's subdivision; and if it should appear that any portion of the Government subdivisions of land intended to be embraced in Dabney's subdivision extend into or upon said street, defendant shows that said street was located and established as at present when Dabney's subdivision was platted and surveyed, and long prior thereto, and the northern boundary of said street has been the recognized and established southern boundary of Dabney's subdivision and of the Government subdivisions composing Dabney's subdivision for more than thirty years prior to the filing of this suit.

"It further avers that if any portion of the street includes land originally embraced in the tracts composing Dabney's subdivision, that portion was long since dedicated to public use as a street by plaintiff's predecessors in title, and the dedication thereof has been recognized and ratified by plaintiff, who has sold property adjacent thereto and abutting thereon with reference to and declaring the same to be a street, which acts and declarations by plaintiff, of themselves constitute dedi-

cation and estop him from claiming otherwise."

On these issues the case was tried and there was judgment recognizing plaintiff to be the owner of the property in controversy and ordering defendant to restore possession of it to him and the defendant appealed.

### OPINION

The only question that requires consideration in this case is plaintiff's right to sue for the recovery of a portion of ground actually used by defendant as a public street, gravelled by and in the possession of defendant, and held and worked by it as a public street for more than twenty years, to the knowledge of the owners.

The evidence shows that the land sued for has been used as a public road for forty years or more (testimony of Roane) and that it had been worked as one of the public streets of the Town of Ruston for more than twenty years (testimony of Hardin).

At the time plaintiff purchased the land it was being used by the town as a public street and had been so used to the knowledge of the authors of his title for many years prior thereto; and the Town of Ruston then already had, to the knowledge of the authors of his title, taken possession of the land and gravelled it and laid water pipes under it and held it out to the public as a public highway.

Under these circumstances, plaintiff's only remedy, if he had one, was to sue the town for damages or for the value of the land occupied as a street. The town could not be required to deliver to the plaintiff actual possession of one of its thoroughfares.

McCutcheon vs. T. & P. Ry. Co., 118 La. 436, 43 So. 42; Bomar vs. City of Baton Rouge, 162 La. 344, 110 So. 497; City of Lafayette vs. Doucet, 148 La. 164, 86 So. 724.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the demands of the plaintiff be rejected and his suit dismissed at his cost.