143 So. 7

**STATE ex rel. GLOBE CONST. CO. v. TOWN OF PLAQUEMINE et al.**

No. 31466.

May 23, 1932.

Rehearing Denied June 20, 1932.

Dupont & Dupont, of Plaquemine, for appellants.

Harvey G. Fields, of Farmerville, Robert J. O'Neal, of Shreveport, and T. C. Bergeron, of Farmerville, for appellee.

ST. PAUL, J.

This is a proceeding by mandamus to compel the town of Plaquemine and its governing authorities to levy an assessment, according to front footage upon the property holders facing on certain streets whereon relator laid sidewalks under contract with the town under the provision of Act No. 147 of 1902.

There was judgment below for the relator, and the defendants appeal. The relator has answered the appeal, asking certain amendments.

### I.

Relator's claim was originally for $31,336.-52; but included therein was $598.32 for some special work done for the town itself, and, of course, not chargeable to the property owners; also $5,054.33 of "extra work" under the contract.

The item of $598.32 for special work was abandoned by the relator, and the trial judge rejected the item of $5,054.33 for "extra work," on the ground that same was not covered by the bids. He fixed relator's claim at $25,680.65.

We think the trial judge erred in rejecting the item of extra work. It consisted of reinforcing steel, costing $4,521.98, and sundry small items of drain tiles and special curbing amounting to $532.35.

It is true these items were not included in the "unit bidding" for the contract. But the specifications, advertisement, instructions to bidders, and contract form, all prepared by the engineer and attorney specially employed by the town and approved by its governing authority, all contained the clause that:

"When sidewalks are to be laid on new fills, or where the subsurface conditions are such that in the opinion of the engineer the use of steel reinforcement is necessary in the concrete foundations, the contractor will be required to place such reinforcement where directed by the engineer, and be compensated as provided for in Extra Work, Section 27 of contract. * * *

"(27) Extra Work. * * * The price for such work shall be determined by the engineer, who may either fix a unit or lump sum price, or may if he so elect, provide that the price shall be determined by the actual cost, to which shall be added 10 per cent. * * * "

It is not possible to foresee and provide in detail in a large contract, every item and the amount thereof that may be needed; hence a provision as to extra work is a necessary clause in every building or construction contract. And it suffices if the bids follow the call since every one has an equal chance in the bidding, which is all that the law does or reasonably can contemplate. "It is not necessary that every detail of the improvement or all the particulars of the work be described." 44 C. J. 274.

## II.

■ It is claimed that the sidewalk paving law does not contemplate driveways. In these days of automobiles a driveway entrance over a sidewalk is the rule rather than the exception and may be said to be a matter of necessity. After all, a driveway is in effect nothing but a sidewalk with the curb eliminated and the grade sloped part of the way to meet the level of the street. "A city's authority to pave a sidewalk includes, as a necessary incident, authority to grade, curb, and drain it." City of Lafayette v. Doucet, 148 La. 166, 86 So. 724.

## III.

The work was accepted by the town authorities at a meeting at which their attorney and engineer were both present and advising the acceptance. Thereupon the town promptly levied an assessment against the property owners for the cost of the pavement, and actually collected about one-fourth of the amount. This assessment was, however, improperly levied, inasmuch as it was levied on each front proprietor for the amount of work done in front of his own premises and not on each front proprietor for his proportion of the whole work in accordance with the front-foot rule. This was error, and hence the present proceedings. City of Lafayette v. Doucet, supra.

■ It is now contended that the acceptance of the work by the town authorities was obtained by fraud, said fraud consisting of the representation of the contractor, corroborated by the engineer, that the work had been done according to specifications, which is now alleged to be untrue; and that the contractor would readily remedy any defects which would be pointed out to him, but did not do so.

The trial judge failed to see in this any evidence of fraud. Nor do we. The representation was made in good faith, even if erroneous (which was not shown to the satisfaction of either the trial judge or ourselves). And the town authorities, though invited to inspect the work before accepting it, failed to avail themselves of the opportunity to do so either after the work was completed or

whilst it was going on. All except one, a Mr. Emde, who spent a couple of hours looking over the work, found some defects, real or supposed, advised his brother selectmen (councilmen) of what he found, and then voted with them (all except one, a Mr. Bernard) to accept the work.

As, in the absence of fraud, the acceptance of the paving by the municipal authorities would be conclusive on the property holders, such acceptance must be at least prima facie evidence against the municipality that the work was completed strictly according to contract. Cf. De Ridder v. Lewis, 139 La. 903, 72 So. 447; Shreveport v. Chatwin, 139 La. 531, 71 So. 791.

And that presumption has not been overcome by the defendants either to our satisfaction or to that of the trial judge.

### IV.

▮ But, be that as it may, it is not seriously questioned 'that the work has been completed substantially according to contract; that is to say, the sidewalks are laid, they are in use, there is no suggestion that they should be torn up and rebuilt. And such substantial compliance with the contract is sufficient to entitle the contractor to recover. Dugue v. Levy, 114 La. 21, 37 So. 995. For of course, the municipality and the property owners cannot keep the pavement and pay nothing for it. Whitney C. T. & S. Bank v. Byrnes Realty Co., 11 Orleans App. 164. Their remedy, if the contract be performed only substantially and not strictly according to contract is to claim as damages the cost of having the work made to conform to the contract. Pike v. Zacharie,

1 Rob. 208; Sarrazin v. Adams, 110 La. 124, 128, 34 So. 301. And, if the defects and deficiencies be such as cannot be readily remedied, but still do not render the construction altogether valueless, but only less valuable, then the measure of damages is the difference between the value of the work done and of that which was contracted for. 9 C. J. 810; citing, inter alia, White v. McLaren, 151 Mass. 553, 558, 24 N. E. 911, 913; Gibson v. Carlin, 13 Lea (Tenn.) 440, 448.

▮ In this case the complaint is made (but not sufficiently proved) that the concrete did not contain the full specified amount of cement and was not of the full required thickness. Such deficiencies, if they exist, cannot be remedied now; but do not make the pavement valueless. And there is no evidence on which a reduction in price could be even approximated.

### V.

▮▮ Relator urges that mandamus is not a proper proceeding to collect a debt, especially when such debt is not liquidated. This would be true if the relator's claim was against the municipality, or if the relator had a direct claim against the property holders. But such is not the case here. Under the act the municipality is liable for no part of the cost of the pavement, and relator has no claim against the property owners until the cost be levied against them by the municipality.

Manifestly it is only through mandamus that relator can compel the municipality to levy such assessment. The writ was invented for just such purposes. Cf. Code Prac. arts. 830, 831. And, if the municipality con-

tests the claim of the relator, the only thing possible and practical is to establish it in the same proceedings. The law never contemplates a multiplicity of suits when one suit will suffice.

## VI.

We therefore think that relator's claim amounts to $30,734.98, and that the defendants should levy against the front proprietors, in proportion to front-footage said amount, plus 6 per cent. additional for engineering fees ($1,844.04) and 1 per cent. for attorney's fees ($307.34), making $32.886.36 in all. And all certificates of assessment should bear interest at 6 per cent. per annum from March 23, 1928, being ten days after date of acceptance of the work.

### Decree.

For the reasons assigned, it is ordered that the judgment herein appealed from be amended in accordance with the views expressed in the foregoing opinion and especially in the last paragraph thereof; and that, as thus amended, said judgment be affirmed.