HIGGINS, Justice.
 

 Relator instituted contempt proceedings against the mayor and board of selectmen of the town of Plaquemine, La., and the clerk of the board, because they refused to adopt an ordinance levying an assessment against all of the real estate abutting the paved sidewalks, which were laid by the relator under a contract with the town, so as to provide for interest at the rate of 6 per cent, per annum from March 23, 1928, on the sum of $32,886.36, alleging that the interest was due under the final judgment of this court dated May 23, 1932, in the case entitled State ex rel. Globe Construction Co. v. Town of Plaquemine et al., 175 La. 69, 143 So.
 
 7.
 

 The defenses are: (1) That the decree of this court in that case does not p2-ovide for interest on that sum from that date, but 6 per cent, per annum on all certificates of assessment from March 23, 1928; (2) that it was never the intention of this court to require of the property owners against whose land the certificates of assessment were to be issued, whether they were delinquent or not, to pay 6 per cent, per annum on the amount due from March 23, 1928, until paid; (3) that, if it were the intention of the court to provide for such a rate of interest from that date, it would be impossible to carry out the judgment, because, under the express provisions of Act No. 147 of 1902, under which the town was authorized to enter the contract with the relator for the paving of the sidewalks, the property owners are not liable for any amount until a legal assessment has been made against their land, and this essential and sacramental requirement of the statute has not been carried out, and therefore any ordinance adopted in
 
 *1001
 
 accordance with relator’s interpretation of the decree would not be binding upon the landowners or their property.
 

 Relator pleaded res adjudicata on the ground that the judgment of this court was final as between the parties to this litigation.
 

 The trial judge discharged the defendants and dismissed the rule, holding that the defendants were within their rights in refusing to adopt an ordinance carrying out the decree of this court according to the relator’s interpretation thereof; that, as no legal assessment against the property had been made and the amount that each landowner would owe fixed, so that they might tender or pay the respective amounts alleged to be due by them, the property owners have never become delinquent, and therefore could not be compelled to pay interest as claimed by the relator; and that, as the former attorneys for relator had prepared the ordinance which illegally assessed each front proprietor for the amount of work done in front of his own premises, and not each front proprietor for his proportion of the whole work, in accordance with the front-foot rule, which improper ordinance had been set aside by a judgment of the district court, which was affirmed by this court, in the case of State ex rel. Globe Construction Co. v. Town of Plaquemine et al., supra, the relator should bear the loss and not the innocent property owners.
 

 Relator then7 applied for writs of certiorari and mandamus, and the matter is now before us for review.
 

 The record shows that the paving contract was entered into between the parties under Act No. 147 of 1902. The ordinance levying the assessment against the property abutting the pavement was declared illegal, because it was not in accordance with the provisions of the statute which required the assessment to be made in accordance with the front-foot rule. Relator then insisted upon having an ordinance passed levying an assessment on the basis of the front-foot rule, but providing for interest at the rate of 6 per cent, per annum on the sum of $32,886.36, from March 23, 1928, contending that it was provided for in the final judgment of this court. The defendants declined to do so, and this contempt .proceeding resulted.
 

 The pertinent parts of our original judgment read as follows:
 

 “We therefore think that relator’s claim amounts to $30,734.98, and that the defendants should levy against the front proprietors, in proportion to front-footage said amount, plus 6 per cent, additional for engineering fees ($1,844.04) and 1 per cent, for attorney’s fees ($307.34), making $32,886.36 in all. And all certificates of assessment should bear interest at 6 per cent, per annum from March 23, 1928, being ten days after date of acceptance of the work.
 

 “For the reasons assigned, it is ordered that the judgment herein appealed from be amended in accordance with the views expressed in the foregoing opinion and especially in the last paragraph thereof; and that, as thus amended, said judgment be
 
 *1003
 
 affirmed.” 175 La. 69, at page 77, 143 So. 7,9.
 

 A mere reading of the above language shows clearly that we definitely fixed the amount due the relator at the sum of $32,-886.36. It is equally clear that 6 per cent, interest was not granted on $32,886.36 from March 23, 1928, but on “all certificates of assessment.” There is a vast difference between these two propositions, particularly when considered in the light of the provisions of Act No. 147 of 1902, the pertinent parts of which read as follows:
 

 “Sec. 2. Be it further enacted, etc., That whenever the municipal council of cities or towns herein described shall resolve to pave or improve any portion of the sidewalks or curbing in the municipality, it shall pass an ordinance calling for bids for the work, of which ten (10) days’ notice shall be given in newspapers published in said city or town, and shall let the contract to fhe lowest responsible bidder, who can give satisfactory security; and,, after the contract has been awarded, the council shall provide by ordinance for an assessment of all the real estate abutting the sidewalk, curbing or portion thereof to be paved or improved. * * *
 

 “Sec. 3. Be it further enacted, etc., That the owners of real estate so abutting shall pay the entire cost of such work, on. the basis of the respective frontage of the property on the sidewalk or curbing to be paved or improved.
 

 “Sec. 4. Be it further enacted, etc., That the sum assessed against the real estate shall be due and collected within ten (10) days after the completion of the work and its acceptance by the councils of said cities and towns, and, if not paid within ten (10) days, the municipal authorities shall have the power to proceed by suit against the said owners and said real estate to collect the delinquent assessment, and the said municipality shall have a special privilege on said property or properties to secure the payment of the sum assessed against it, with six per cent (6 per cent) interest per annum thereon from the expiration of the said ten (10) days, until paid.”
 

 The trial judge was correct in holding that the language of the decree did not grant unto the relator 6 per cent, interest on $32,886.36, from March 23, 1928, and, consequently, it had no right to' insist upon the defendants passing an ordinance levying an assessment against the property affected by the paving contract with a provision for such interest.
 

 The wording of the judgment leaves no room for ambiguity or doubt that “all certificates of assessment should bear interest at 6 per cent, per annum from March 23, 1928, being 10 days after the date of the acceptance of the work.” This is in accord with the express provisions of section 4 of the statute, which, however, contemplates a legal assessment before the work is completed and accepted, as specifically shown by the provisions of section 2, which clearly states that the assessment shall be made “after the contract has been awarded” against the real es
 
 *1005
 
 tate abutting the sidewalk, “to be paved or improved.” But whatever merit there may be in the defendants’ second and third contention is foreclosed, because of the final judgment between these same parties in the case of State ex rel. Globe Construction Co. v. Town of Plaquemine et al., supra. The relator has pleaded res adjudicata and we are powerless to change, under the guise of interpreting, the unequivocable language of the judgment, which grants to the relator 6 per cent, interest per annum on all certificates of assessment from March 23, 1928. However, as the landowners whose properties abut the paved sidewalks were never made parties to the original nor this proceeding, they would not be bound by our foregoing final judgment, in the event it would be shown that we erred in providing for interest on the certificates of assessment, before a legal ordinance making the assessment was adopted. In short, the property owners can defend any rights they may have on that score but, the present defendants cannot do so, because of the finality of the judgment in the original proceeding between them.
 

 We, therefore conclude that defendants were not in contempt of court in refusing to adopt an ordinance providing for interest as claimed by relator, since the amount claimed was in excess of the amount allowed by our decree.
 

 For the reasons assigned, the judgment is affirmed.