41 So.2d 226

**DURMEYER et al. v. STREIFFER.**

No. 39044.

May 31, 1949.

586

Willis C. McDonald, New Orleans, L. Julian Samuel, Gretna, for appellants.

Rosen, Kammer, Wolff, Hopkins & Burke, New Orleans, for appellees.

HAMITER, Justice.

Plaintiffs are appealing from a judgment which maintained defendant's plea of res judicata and, as a consequence, dismissed the suit.

According to the allegations of the petition in this action plaintiffs, August P. Durmeyer, Thomas K. Shepherd, Jr., and Mrs. Elizabeth H. Kingsbury, are the owners of property in Beverly Knoll Subdivision, Metairie, Jefferson Parish. The defendant, Louis L. Streiffer, also owns property in that subdivision, he having acquired it from Forrest B. Collette under two separate deeds dated July 2, 1943, and August 21, 1944, respectively. Included in the title to each of the lots in the named subdivision are certain building restrictions which run with the land, one of which is: "The improvements, if any, erected on the within conveyed property shall cost not less than $4500 and shall be for residential purposes only."

Plaintiffs further allege that the defendant "is presently constructing on the hereinabove described property a commercial building which he has announced by advertisement is to be used as a department store, and is presently operating in a 'temporary location' on the hereinabove described property as a department and hardware store, all in violation of the aforesaid restrictions and your petitioners are without any adequate remedy at law for the protection of their rights in the premises except through the issuance of an injunction, and that they will suffer and sustain irreparable injury unless a permanent injunction issue herein.

"That the said defendant, Louis L. Streiffer, should be ordered and directed by this Honorable Court to demolish or remove all buildings and structures erected on the above described property utilized in his commercial business and not utilized for residential purposes."

The prayer of the petition is for judgment in favor of plaintiffs decreeing that the defendant has violated the building restrictions of Beverly Knoll Subdivision, and ordering the issuance of a permanent

injunction restraining and enjoining defendant from conducting or operating a hardware and department store, or any other type of business or commercial venture, on his property.

To the petition defendant tendered a plea of res judicata and, alternatively, exceptions of no right and no cause of action and a plea of prescription under Act No. 326 of 1938. Without considering the exceptions of no right and no cause of action or the plea of prescription alternatively urged, the district court sustained the plea of res judicata, after a hearing thereon, and this appeal followed.

The sustained plea is predicated on a judgment in a former suit on the docket of the Twenty-fourth Judicial District Court in and for Jefferson Parish, numbered 15,007 and entitled Alcee Philip Neeb **v.** Forrest B. Collette,—Livingston-Beverly Knoll Improvement Association, Intervenor, the record in which was offered in evidence on the hearing of the instant matter. That suit had as its purpose the enforcement, by means of injunction, of the building restrictions affecting the property involved here, the then owner Collette (the author in title of this defendant) having allegedly erected certain buildings thereon in which he was conducting a florist and nursery business. Intervening in the proceeding, and joining the plaintiff Neeb, was the Livingston-Beverly Knoll Improvement Association, it alleging itself to be a non-trading corporation organized under the

provisions of Act No. 254 of 1914. Intervenor further alleged, among other things, as follows:

"That it is interested in the outcome of this suit and desires to become a party thereto by uniting with the said plaintiff, Alcee Philip Neeb, and in upholding his claim against the said defendant, Forrest B. Collette.

"Petitioner avers that said corporation is composed of one hundred and nine (109) residents and/or property owners of Livingston-Beverly Knoll Subdivision, located in Metairie, Parish of Jefferson, State of Louisiana.

\*     \*     \*     \*     \*     \*

"Petitioner avers that among its objects and purposes under its articles of incorporation, it is made its duty and responsibility to strive for the enforcement of building and other restrictions as contained in the titles to the land in Livingston Place and Beverly Knoll and to require prospective builders in said tracts to strictly adhere to the restrictions, and as set out in Article III of this petition."

In an exception to the petition of intervention, the defendant Collette urged that the intervenor was without right to make iself a party to that action for the reason:

"(a) It is without existence as a corporation, since the provisions of Act No. 254 of the Louisiana Legislature of 1914 (the non-trading corporation Act) do not permit formation of a corporation there-

under for the purposes for which it was attempted to incorporate Livingston-Beverly Knoll Improvement Association, namely protection of the financial investments of its members for their own individual profit and gain by the attempted enforcement of building restrictions.

"(b) Said Act No. 254 of the Louisiana Legislature of 1914 does not authorize or permit suits to be brought by corporations organized thereunder for the financial gain and benefit of its members."

Also, the defendant therein, Collette, pleaded the prescription of two years under Act No. 326 of 1938, and he answered, averring acquiescence in the alleged violations of the building restrictions.

After trial of the former suit on its merits, there was rendered on June 17, 1942, the judgment which is pleaded in bar of the instant action. It was in favor of the defendant therein dismissing the suit and the intervention, decreeing that defendant's property be and is forever free from the disputed building restrictions, and declaring such restrictions to be null and void. No appeal was taken therefrom.

In determining whether prosecution of the present action is precluded by the judgment of the former suit, the proceedings in both causes must be considered in the light of the provisions of Revised Civil Code Article 2286 which are:

"The authority of the thing adjudged takes place only with respect to what was

the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

Thus, the plea of res judicata herein is sustainable only if the three prescribed essentials are present.

It is not disputed that in the two suits the thing demanded is substantially identical and both demands are founded on the same cause of action. But plaintiffs herein insist that the third essential is lacking in that they were not parties litigant in the former proceeding. To quote from the brief of their counsel they maintain that, "The parties are certainly not identical, the three appellants in this case being individuals and suing in their individual capacities under a contract which they have with the other property owners owning property in the said subdivision."

Countering, defendant, as stated in the brief of his counsel, takes the following positions:

"Defendant maintains that the judgment in Neeb v. Collette is in rem and determined that the lots now owned by defendant in the Subdivision are free of the building restrictions. Further, defendant submits that all of the present plaintiffs, while not parties of record in Neeb v. Collette, were virtually parties thereto or, in substance, parties, as they were and are

members of the Protective [Improvement] Association, which did intervene; that in reality plaintiffs were represented in Neeb v. Collette through Neeb and the Association; that in addition, Neeb was a member of a class of parties, to which class plaintiffs belong. In effect, the Association was and is the alter ego of the plaintiffs and represented them." (Brackets ours.)

■ If it were conclusively shown that plaintiffs herein had duly authorized the Improvement Association to appear for and represent them in the judicial enforcement of their rights, and that it was legally capable of suing, there might be merit in the contention that they are bound by the intervention in the former suit. But the record before us contains no proof that the mentioned organization possessed the legal capacity and the authority to sue and stand in judgment for these plaintiffs. True, the petition of intervention contained the statement that the association had the duty and responsibility to strive for the enforcement of the building restrictions; it, however, was merely an allegation of the pleader. The authority granted the association by its members (assuming that plaintiffs were active members), as well as its legal capacity to sue, could best be shown by the articles of incorporation to which the intervention refers. A copy thereof is not in the record.

■ Likewise without merit, in our opinion, is defendant's other position that the in rem character of the earlier judg-

ment rendered it conclusive against these plaintiffs, notwithstanding that they were not parties to the proceeding. In support of that theory counsel refer us to '50 C.J.S. verbo Judgments, Section 910, in which the following is said:

" * * * Thus, with respect to the res or status within the jurisdiction of the court, a judgment in rem generally has been held to be conclusive and binding 'upon all the world,' that is, on all persons who may have or claim any right or interest in the subject matter of the litigation, whether or not they were parties to, or participants in, the action, at least to the extent that it adjudicates or establishes a status, title, or other res constituting the subject matter of the action. * * *"

It is to be noted, however, that such authority, in the same section, further states:

"The rule that a judgment in rem is binding on the whole world has been said to be true only in a restricted sense, and it has been held that a judgment in rem cannot deprive any person of personal or property rights where he was not made a party or where he was given no notice or opportunity to be heard."

In Louisiana the doctrine of res judicata is much more restricted than at common law. State ex rel. Puritan Co. v. City of New Orleans, 169 La. 365, 125 So. 273.. With us it is of statutory declaration, and its scope is defined and limited by the

provisions of Revised Civil Code Article 2286. Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Smith v. Little Pine Lumber Co., 150 La. 720, 91 So. 165. The authority of the thing adjudged, hence, must be tested by the three requisites of that article.

■ We have been referred to no decisions in our jurisprudence, and we have found none, which announce that an in rem judgment, as such, is to be excepted from that test. True, there are cases, cited and relied on by defense counsel, holding that a final judgment of a court of competent jurisdiction as to the status of a person is res judicata as to all the world. Bonella v. Maduel, 26 La.Ann. 112; St. Ange v. Carondelet Realty Co., 7 La.App. 161 (Orleans Circuit). But those rulings, assuming them to be sound, obviously are not decisive of the instant action in which plaintiffs are asserting a real right, granted them by contract, affecting defendant's property. More nearly analogous are those cases which hold that a person is not bound by a judgment determining title to property claimed by him where he was not party to the action. Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Smith v. Little Pine Lumber Co., supra. Seemingly analogous also is State ex rel. Globe Construction Co., Inc. v. Town of Plaquemine et al., 183 La. 998, 165 So. 180, in which it was held that a judgment in a mandamus proceeding to compel the defendant town to levy an assessment was not binding on property owners who had not been parties to the proceeding.

■ Counsel for defendant have requested, in the alternative, that we pass upon the exceptions of no right and no cause of action filed in the district court but on which no decision was rendered. Except under certain circumstances, which are not present here, an appellate court may not consider any question which has not been first determined by the court of original jurisdiction. State ex rel. Jones, Governor, v. Edwards et al., 203 La. 1039, 14 So.2d 829.

For the reasons assigned the judgment appealed from is reversed and set aside, the plea of res judicata is overruled, and the case is remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed. Defendant shall pay the costs of this appeal, while all other costs shall await the final determination of the litigation.

O'NIELL, C. J., takes no part.