FRUGÉ, Judge.
Lafayette Memorial Park, Inc. filed suit against Trinity Universal Insurance Company, its workmen’s compensation insurer, for reimbursement of workmen’s compensation benefits paid by the Memorial Park to one of its employees. The insurance company filed an exception of no right and no cause of action, alleging that the claim for reimbursement was barred by a judgment rendered by this court in favor of that employee and against both Lafayette Memorial Park and its insurer, Trinity Universal. In the alternative, the insurer filed a motion for summary judgment on the merits.
In the báckground of the present litigation is an earlier suit by Raymond Castille against his employer, Lafayette Memorial Park, and Trinity Universal Insurance Company, the workmen’s compensation insurer. See Castille v. Trinity Universal Insurance Co. and Lafayette Memorial Park, Inc., 177 So.2d 647, La.App. 3 Cir., 1965. The employee in the Castille case suffered two accidental injuries, one before Lafayette Park was insured with Trinity and another after the insurance contract was in force. We held in that case that Castille was entitled to compensation benefits and that the payments should be made by both employer and insurer since one of the two accidents which caused Castille’s total disability occurred before any contract of insurance existed between Trinity and Lafayette Park. In filing the present suit, Lafayette Memorial Park seeks to recover from the insurance company the share of benefits which the Memorial Park has paid under the judgment in the Castille case. In addition, plaintiff, Lafayette Memorial Park, demands penalties and attorney’s fees, alleging that the insurance company breached its obligation to defend the Memorial Park against workmen’s compensation claims arising while the insurance contract was in force between them.
The lower court sustained the defendant’s exception of no right or no cause of action, holding that any claim by Lafayette Memorial Park for reimbursement of benefits paid to its employee was res judicata and barred by the judgment of the Castille case. The plaintiff, Lafayette Memorial Park, contends that the lower court erred in sustaining Trinity’s defense of res judi-cata and, in the alternative, that even if the trial court was correct in sustaining the exception, that Lafayette Memorial Park is entitled to full reimbursement under the terms of the insurance contract in force between the parties.
In Louisiana the scope of res judi-cata is limited by the provisions of LSA-C.C. Article 2286:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
It is settled law that the formula contained in this article is stricti juris and that each element of the formula must be present in order to maintain a plea of res judicata. Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226, 1949; Woodcock v. Bald *320 win, 110 La. 270, 34 So. 440, 1902; Shell Oil Co. v. Texas Gas Transmission Corp., 176 So.2d 692, La.App. 4 Cir., 1964.
The plaintiff, Memorial Park, admits that the judgment in the Castille case is final with regard to the Park’s liability to its employee, Raymond Castille, for workmen’s compensation benefits, but contends that any rights which it may possess against Trinity Universal Insurance Company under the insurance contract in force between them were not adjudicated by the Castille case. We think that this contention is well founded. Although the parties to the present suit were co-defendants in the Castille case, the demand in the earlier suit was founded on the workmen’s compensation laws of this state, while the demand in the present suit is contractual in nature and based on the insurance contract in force between the parties. In addition, the only issue in the Castille case was the liability of the co-defendants to the employee, Castille, for workmen’s compensation benefits, while in the present suit the plaintiff demands penalties and attorney’s fees under the terms of the insurance contract. It is clear from the foregoing that neither the thing demanded nor the cause of action for the present suit is identical to that of the Cas-tille suit. Without these requisites of Article 2286, no plea of res judicata can be maintained, for the formula of that article is sacrosanct and must be strictly followed.
In its brief, the defendant, Trinity Universal Insurance Company, requests that this court rule on the motion for sum-maiy judgment on the merits which it filed in the lower court. We refrain from issuing an opinion on that motion because, as wc indicated in McDonald v. Grande Corporation, 148 So.2d 441, La.App. 3 Cir., 1962,
“ * * * as a matter of general practice, in instances when appellate courts reverse a trial court judgment and remand the case for further proceedings below, they will not rule on issues or exceptions which were not passed on by the trial court and which it is not necessary for the appellate court to rule upon in order to dispose of the appeal. Tracy v. Dufrene, 240 La. 232, 121 So.2d 843; State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827; Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226; State ex rel. Jones v. Edwards, 203 La. 1039, 14 So.2d 829. We see no reason to depart from this practice in the present appeal.”
For the foregoing reasons the trial judge’s ruling sustaining the exception of no right and no cause of action is reversed and the case is remanded for further proceedings below not inconsistent herewith.
Reversed and remanded.
On Application for Rehearing.
En Banc. Rehearing denied.