196 So.2d 650 (1967)
GRAIN DEALERS MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellee.
No. 6936.
Court of Appeal of Louisiana, First Circuit.
March 13, 1967.
*651 David W. Robinson, of Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellant.
Daniel R. Atkinson, of Dale, Richardson & Dale, Baton Rouge, for appellee.
Before LOTTINGER, REID and SARTAIN, JJ.
SARTAIN, Judge.
This appeal was taken by plaintiff from a judgment of the district court sustaining defendant's exceptions of res judicata and no cause of action.
Plaintiff, hereinafter referred to as Grain Dealers, and defendant, hereinafter referred to as Hardware Dealers, were excess and primary insurers, respectively, who were previously made defendants to the extent of their individual coverage in a prior suit, Daigle et al. v. Hardware Dealers Mutual Fire Insurance Company et al., La. App., 165 So.2d 643, which was a direct action brought under LSA-R.S. 22:655. Their insureds were not made party defendants. *652 The litigation arose from an automobile accident in which several members of the Daigle family were injured. The sole and proximate cause of the accident was determined to be the negligence of one Oleus J. Blanchard, the driver and only occupant of a Corvair automobile owned by one Calvin J. Rodrigue. Hardware Dealers insured the Rodrigue automobile and Grain Dealers insured Blanchard, who was killed in the accident. The judgment of the district court was amended by us to increase certain awards and as amended affirmed. We denied an application for a rehearing. The Supreme Court refused to grant writs. Our judgment therein concluded with the following:
"All costs of court to be paid equally by Hardware Dealers Mutual Fire Insurance Company and Grain Dealers Mutual Insurance Company."
It was in deference to this language that the trial court sustained the exceptions. The question here presented is whether or not the above quoted portion of our previous decision is final and determinative of the issue as between plaintiff and defendant herein and the responsibility of one to the other for court costs, notwithstanding alleged contractual obligations to the contrary. For reasons hereinafter stated we think not.
Plaintiff instituted this suit alleging that defendant as primary insurer in the Daigle case, supra, was obligated under the terms of its policy to defend the action therein brought to pay all costs incurred, including the premium for the necessary bonds in connection with the appeal thereof; that the costs totaled $1,052.50; and, that defendant refused to pay more than one-half thereof, requiring plaintiff to pay the remaining one-half in order to obtain satisfaction of the judgments. Plaintiff further alleges that defendant refuses to pay the cost of the appeal bond of $320.00. Plaintiff seeks judgment totaling $846.25 for these items, plus legal interest thereon, statutory penalties and attorney's fees.
Defendant in its exception of res judicata contends that it paid what it was legally required to pay under the terms of the judgment rendered in the Daigle case, supra. Defendant's exception of no cause of action asserts that the allegation that defendant was required to defend the Daigle case and to pay all costs incurred is a conclusion of the pleader and that the petition in its entirety fails to state a valid cause of action.
The authority granted to an appellate court for the assessment of costs is found in LSA-C.C.P. Art. 2164, which vests in the court rather broad discretion to assess costs as deemed equitable. Generally, unless there are issues raised to the contrary, that portion of the judgment assessing costs is a part of the judgment that is rendered in favor of the plaintiff. It is a right of the plaintiff to recover additional sums necessitated by the expense of litigation. Where there are two or more defendants and they are cast separately in judgment on the principal demand, the assessment of court costs equally or otherwise as the case may be is a guide to the plaintiff and a directive to the district court where it proves necessary to subsequently proceed by rule to fix the same and reduce the amount thereof to judgment for the purpose of execution thereon. It also has for its purpose the final computation of the total value of the judgment for satisfaction thereof and cancellation on the mortgage records. It is not necessarily an adjudication of all the issues as between the said codefendants. For it to be such, it must meet the test of peremptory exception of res judicata or no cause of action.
The exception of res judicata as permitted by LSA-C.C.P. Art. 927 derives its authority from LSA-C.C. Art. 2286, which provides
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same *653 cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
It has been repeatedly held that the formula contained in the above article is stricti juris and each element of the formula must be present in order to maintain a plea of res judicata. Lafayette Memorial Park, Inc. v. Trinity Universal Insurance Co., La. App., 191 So.2d 318; Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226; Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Shell Oil Co. v. Texas Gas Transmission Corp., La. App., 176 So.2d 692. That formula requires there must be identity in the two suits as to the thing demanded, the cause of action, and the parties involved. The present action does not involve the same parties. There has been a complete realignment in the position of litigation between the two parties involved herein. The cause of action in the prior suit was one of tort and insurance coverage. In addition, the object of demand here is totally different from that of the plaintiffs in the prior suit. Accordingly, the exception of res judicata must fall. While the demand herein sought might well have been raised in the prior suit, it was not. The fact that it wasn't addresses itself to the exception of no cause of action to which we now turn.
When considering the peremptory exception of no cause of action, all well pleaded facts are accepted as true for such exception concerns itself solely to the sufficiency in law of the petition and is triable on the face thereof. Plaintiff has alleged clearly that defendant had issued a policy which was in full force and effect covering the owner and driver of the 1960 Corvair automobile involved in the accident giving rise to the Daigle case, supra. Plaintiff has further alleged that under the terms of said policy, defendant is liable for the amount herein sought. Whether these allegations are conclusions as urged by defendant or not, they are considered as true and plaintiff is otherwise entitled to proceed as it has successfully alleged a contractual obligation on the part of defendant, which accords to plaintiff in turn certain benefits.
Defendant urges in brief and in oral argument before us in support of this exception the doctrine of judicial estoppel. This doctrine has been urged and explained by Justice McCaleb in Quarles v. Lewis, 226 La. 76, 75 So.2d 14, and Succession of Reynolds, 231 La. 410, 91 So.2d 584. The reasoning supporting this doctrine is to allow courts discretion under an exception of no cause of action to prevent a claim for damages in a second case where the damages should have been properly claimed in a preceding one. The theory is that a party would be considered as waiving all claims for damages which had not been asserted in the first suit, where such waiver is properly deemed to be present under the circumstances of the case and the parties involved. We think this doctrine is legally sound and advisable to adopt where applicable, since it complements our narrow doctrine of res judicata and fills a void for establishing a final determination and an end to litigation within the sound discretion of the court.
However, we do not think that this particular case before us should fall within the exception of no cause of action on the grounds of judicial estoppel. Insurance obligations involve public policy as well as endless possibilities of combinations and permutations of standard policy provisions. The obligation to defend is contractual. The obligation between two insurers, whether mutually exclusive, prorationed, or primary-excess in nature, will depend upon the particular policies issued. Accordingly, we feel that it is unwise to adopt a hard and fast rule now of what that contractual obligation, if any, might in reality be.
For these reasons the judgment of the district court sustaining the exceptions of res judicata and no cause of action is hereby reversed and this matter is remanded to the district court for further proceedings *654 consistent with the views expressed herein. Costs of this appeal is to be borne by defendant, all other costs to await final decision on the merits.
Reversed and remanded.