SARTAIN, Judge.
Plaintiffs have taken this appeal from an adverse judgment of the District Court sustaining a peremptory exception of res judicata. The exception was founded upon and supported by a judgment rendered in a previous matter entitled “Succession of Jack Alexander v. Sarah Williams Alexander”, bearing No. 4513 on the docket of the Twenty-First Judicial District Court for the Parish of Tangipahoa, wherein the same plaintiffs as here, collateral heirs of Jack Alexander, sought to have the last will .and testament, which was statutory in form, declared null and void on the grounds that the said testator, Jack Alexander, husband of the said defendant, could not read nor write.
Judgment therein was rendered sustaining a motion for summary judgment in favor of defendant, Sarah Williams Alexander, on May 7, 1965. Plaintiffs’ motion for appeal therefrom was denied on the grounds that the same was not timely filed. We denied writs therein on November 3, 1965, stating, “The judgment of the trial court was final prior to the filing of the notice of appeal.” No further action was thereafter undertaken by said plaintiffs.
This present action was filed on May 5, 1966, under the provisions of LSA-C.C.P. art. 2004, which provides for the annulment of a final judgment obtained by fraud or ill-practices. Plaintiffs’ petition clearly sets forth allegations of fraud and allegations of ill-practices. For reasons hereinafter stated we are of the opinion that the allegations of fraud have merit and plaintiffs are entitled to be heard thereon. Plaintiffs’ allegations as to ill-practices have no merit and plaintiffs are not entitled to be heard thereon.
Plaintiffs’ petition with respect to fraud avers, inter alia, that the affidavits (three in number) attached to defendant’s motion for summary judgment in the first above named litigation “were fraudulently obtained statements and were statements of in truth and in fact, fraudulent in their intent, in that they seek to establish that the decedent, Jack Alexander, could read, * $ * Plaintiffs further allege that the statements “are false and were obtained by the defendant, Sarah Williams Alexander, by fraudulent means and are not true, in that they purport to show that the decedent, Jack Alexander could read, which in fact, he could not.” Plaintiffs conclude their allegations of fraud by claiming that the previous “Motion for summary judgment was taken based upon false and perjured evidence.”
Defendant argues that the requirements of the exception of res judicata were met and that the judgment of the trial court should be sustained.
The exception of res judicata is founded on LSA-C.C. art. 2286, which provides :
“The authority of the thing adjudged takes place only with respect to what was the obj ect of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against' each other in the same quality.”
Our courts have consistently held that the requirements enumerated in the above article are stricti juris and each element must be present in order to maintain a plea of res judicata. The formula requires identity in the two suits as to the thing demanded, the cause of action, and the parties involved. Lafayette Memorial Park, Inc. *630 v. Trinity Universal Insurance Co., La.App., 191 So.2d 318; Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226; Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Shell Oil Co. v. Texas Gas Transmission Corp., La.App., 176 So.2d 692; Quarles v. Lewis, 226 La. 76, 75 So.2d 14.
In applying this formula to the prior and instant suits, it is clear that the causes of action are different. In the prior suit the cause of action was to declare a statutory will null and void on the grounds that the testator could neither read nor write. Whereas, this instant action is to set aside that judgment on the grounds that the same was obtained by fraud, namely: the statements given by affiants in the affidavits supporting the motion for summary judgment were false and, knowingly given as such and this to the knowledge of the defendant. Plaintiffs are entitled to proceed with this action based on the alleged fraudulently obtained statements for if the same are in fact false, then the judgment obtained by their use cannot be permitted to have the effect of res judicata or to serve as a basis for a plea of estoppel or no cause of action and no right of action. Terry et al. v. Womack et al., 206 La. 1069, 20 So. 2d 365; Couret v. Couret, 206 La. 85, 18 So.2d 661. A final judgment obtained by fraud may be annulled at any time provided the action itself is brought within one year of the discovery of the fraud. LSA-C.C.P. art. 2004.
Plaintiffs have alleged fraud and fraud they will be permitted to prove. They will not be permitted to proceed with their allegations of ill-practices because these allegations are nothing more than an effort on their part to retry a previously determined issue of fact. The resolution of this fact was against plaintiffs and it is of no less validity or finality because it was determined via a motion for summary judgment. Plaintiffs’ allegations as to ill-practices urge the incorrectness of the prior judgment which in essence pertains to the trial judge’s refusal to permit plaintiffs’ counsel to file a rebuttal affidavit at the hearing on the motion for summary judgment and also his refusal to grant a continuance to enable plaintiffs to obtain additional evidence. Plaintiff concludes that the judgment was null and void since there was a “genuine issue of fact.” This “genuine issue of fact” as constituting an element of ill-practice is simply without merit. Assuming arguendo that the trial judge abused his discretion in failing to permit plaintiffs to file their rebuttal affidavit or to grant a continuance, every delay accorded an unsuccessful litigant to seek redress has long since expired. Plaintiffs are arguing the incorrectness of the summary judgment and this they cannot do. Our courts have consistently held that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question, though the judgment may have been erroneous and liable to reversal on appeal or on review under writs of certiorari. Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So. 2d 865; Thompson v. Bland Produce Co., La.App., 144 So.2d 769.
For the above and foregoing reasons, we shall remand this matter for further proceedings not inconsistent with the views expressed herein which are in summary that plaintiffs are entitled to proceed to show that the affidavits complained of are false and upon this showing to the satisfaction of the trial judge, they may then proceed to a determination of the issue as to whether or not the testator, Jack Alexander, could neither read nor write. In the event plaintiffs are unable to show to the satisfaction of the trial judge that the said statements-are false, then the exception of res judicata is well taken and should be sustained because the issue as to whether or not the testator could in fact read or write was determined and the issue became final with' the rendition of the judgment that is herein-attacked.
The costs of this appeal are to be borne-by the defendant with the remainder of the-. costs to await final determination.
Reversed and remanded.