BAILES, Judge.
This is a sequel to the action between the identical parties which brought about the decision of this Court reported in 196 So.2d 628. For a more complete recount' of the background of this litigation reference is made to the above cited decision.
As a result of the previous remand of this case, both plaintiffs and defendant offered evidence, and at the conclusion of the trial the district court rendered judgment rejecting the plaintiffs’ demands and again maintaining the exception of res ju-dicata filed by defendant.
Plaintiffs, being aggrieved by this judgment, again have appealed.
Throughout the proceedings in the trial court on this previous remand, it is obvious to us that the trial court and counsel misconstrued the purpose of the remand. In the ruling of the trial court in rendering *87 the judgment herein appealed from, it is stated:
“This case has been reversed and remanded by the Court of Appeal, for the limited purpose of determining whether the affidavits which were attached to the motion for summary judgment, namely those of A. J. Evans, Newman Briggs, and Guice Stafford were false and fraudulently obtained. The Court has heard the testimony and weighed it carefully and the Court is of the opinion that the evidence does not prove the falsity of the affidavits nor does it indicate any wise fraud in the inducement, or the confecting of the affidavits.
“Therefore, the Court will again maintain the exception of res judicata and will dismiss and reject plaintiff’s suit at his costs.”
From our perusal of the record of the proceedings had in the trial court which are before us in this appeal, it is quite clear to us that the trial court and counsel has misinterpreted the instructions of this Court in the remand of this case.
In order for the plaintiffs to be successful in this litigation, the object of which is to annul the judgment rendered in the matter entitled Succession of Jack Alexander v. Sarah Williams Alexander, No. 4513 on the docket of the Twenty-First Judicial District Court for the Parish of Tangipa-hoa, wherein the same plaintiffs herein sought to have the last will and testament of the testator, Jack Alexander, declared null and void on the ground that the said testator could not read nor write, it is going to be necessary for the plaintiffs herein to prove, and the trial court must permit plaintiffs to prove by legal evidence, that the single import of’ the three affidavits used by the defendant to obtain judgment on the motion for summary judgment, this single import being that Jack Alexander could read and write, is false, and that the defendant, Sarah Williams Alexander, wife of testator, knew that Jack Alexander, her husband, could not read nor write.
If, and in the event, plaintiffs herein sustain the burden of proving that Jack Alexander could not read nor write and that Sarah Williams Alexander knew Jack Alexander could not read nor write, then it follows as a legal presumption from the establishment of these two facts that the judgment of the court sustaining the motion for summary judgment, which resulted in the dismissal of the action entitled Succession of Jack Alexander v. Sarah Williams Alexander, No. 4513 on the docket of the Twenty-First Judicial District Court for the Parish of Tangipahoa, was obtained through the fraudulent practice of the defendant, Sarah Williams Alexander, and must be annulled and set aside. See LSA-C.C. Art. 1848.
On the other hand, if the preponderance of the evidence supports the conclusion that Jack Alexander could read and write, it must be concluded that no fraud was practiced on the trial court in the above referred to matter, and accordingly the trial court should sustain the exception of res judicata filed in this action by the defendant and finally terminate this litigation.
For the foregoing reasons and with the above set forth instructions, this matter is remanded to the trial court for further proceedings not inconsistent herewith and according to law.
The costs of this appeal are to be paid by the defendant. The casting of costs incurred in the trial court are to await the final determination of the matter.
Reversed and remanded.