REID, Judge
(dissenting).
As set forth, in the majority opinion, this case is a sequel to the action between the identical parties which brought about the decision of this Court reported in 196 So. 2d 628.
*88 In the original opinion by this Court the case was remanded under the following instructions :
“For the above and foregoing reasons, we shall remand this matter for further proceedings not inconsistent with the views expressed herein which are in summary that plaintiffs are entitled to proceed to show that the affidavits complained of are false and upon this showing to the satisfaction of the trial judge, they may then proceed to a determination of the issue as to whether or not the testator, Jack Alexander, could neither read nor write. In the event plaintiffs are unable to show to the satisfaction of the trial judge that the said statements are false, then the exception of res judi-cata is well taken and should be sustained because the issue as to whether or not the testator could in fact read or write was determined and the issue became final with the rendition of the judgment that is herein attacked.”
Pursuant to this remand the Trial Judge heard the evidence concerning the question as to whether or not the affidavits were false and were fraudulently obtained, and after determining that they were not, he rendered a judgment rejecting plaintiffs’ demands and again maintained the exception of res judicata filed by the defendant. In his ruling the Trial Judge stated:
“This case has been reversed and remanded by the Court of Appeal for the limited purpose of determining whether the affidavits which were attached to the motion for summary judgment, namely those of A. J. Evans, Newman Briggs, and Guice Stafford were false and fraudulently obtained. The Court has heard the testimony and weighed it carefully and the Court is of the opinion that the evidence does not prove the falsity of the affidavits nor does it indicate anywise fraud in the inducement, or the confecting of the affidavits.
“Therefore, the Court will again maintain the exception of res judicata and will dismiss and reject plaintiff’s suit at his costs.”
It is clear from an examination of the original opinion rendered by this Court that the Trial Judge followed the order of remand issued herein and did not misinterpret the instructions of this Court on remand. The record clearly shows that the Trial Judge followed the instructions of this Court. The sole question before the Trial Judge on remand was whether or not, as set forth in our original opinion, the judgment previously rendered should be set aside on the grounds that “the statements given by affiants in the affidavits supporting the motion for summary judgment were false and knowingly given as such and this to the knowledge of the defendant.” It is this connotation of the term “false” that was used in that portion of the original opinion set forth above containing the instructions to the Trial Judge —not the connotation used by the majority herein, that is, could the testator read or write. This is borne out by the fact that in the balance of the order to remand this Court said that if the Trial Judge found that the statements were false (fraudulently obtained) the plaintiffs could proceed to a determination of the issue as to whether or not the testator, Jack Alexander, could neither read nor write.
What the majority opinion has lost sight of here is that in this action we are dealing with the question of res judicata and once the Trial Judge was satisfied that the said statements were not false or fraudulently obtained, then the exception of res judicata was well taken and should be sustained because the issue of whether or .not the testator could in fact read or write was determined and the issue became final with the rendition of the judgment that is attacked herein.
To follow the ruling of the majority would permit the plaintiff in this case to have the question of fact as to whether or not the testator could neither read nor write passed on twice by the same court *89 which would in effect make the doctrine of res judicata meaningless.
For the above and foregoing reasons I respectfully dissent.
REID, J., dissents from refusal to grant rehearing.