EDWARDS, Judge.
This is a suit ex contractu by Star Electric Supply, Inc., against the defendants, Mel Thurman, d/b/a Thurman Electric Supply, Inc., Fidelity and Deposit Company, Inc., Aetna Casualty and Surety Company, and the State of Louisiana through the State Board of Education.
The trial judge stated the following pertinent facts in his Written Reasons for Judgment:
“The case is before the court on the following stipulation of facts:
1. Charles Carter and Company, Inc., was the prime contractor to the State for the construction of a classroom building.
2. Carter sub-contracted the electrial portion of the contract to Thurman Electric Company.
3. Thurman purchased a portion of the materials required for his performance from Star Electric Supply, Inc.
*648 4. All of the materials ordered from Star were delivered and were satisfactory.
5. The outstanding balance for the materials supplied by Star Electric, in the amount of $44,702.28 was due and payable, the amount of $43,734.88 as of December 28, 1970, and the amount of $967.40 as of January 27, 1971. Additionally, the sum of $1,575.47 representing Louisiana sales taxes on the amount of the materials was due.
6. Thurman refused to pay to Star the amount due but tendered, instead, three checks totalling $44,702.28 payable jointly to Star and another company.
7. Thurman paid to Star by check dated April 19, 1971, the sum of $1,575.47, the amount of the sales tax due.
8. On June 21, 1971, Thurman delivered three (3) checks to the Clerk of Court, Tangipahoa Parish, totalling $44,702.28, all payable jointly to Star Electric Supply, Inc., and Stagecraft Industries, Inc.
9. On August 19, 1975, Thurman delivered a cashier’s check to the Clerk of Court, Tangipahoa Parish, in the sum of $44,702.28, payable jointly to T. M. Thurman and Estelle Stire, the Clerk of Court for Tangipahoa Parish, after having been properly endorsed by T. M. Thurman; at that time the Clerk of Court for Tangipahoa Parish returned to Thurman the three (3) checks mentioned in Number 8 above.
10. The funds delivered to the Clerk of Court as described in Number 9 above had been held by Thurman in the Matheny-Thurman Escrow Account Number 072 5145 with the First Guaranty Bank on behalf of Mr. Thurman; he and his attorney received the interest on the deposit, being partially indicated by the second cashier check in evidence as JT-6 in the amount of $1,189.92 payable to T. M. Thurman and Pittman and Matheny.
11. From the August 19, 1975, deposit by Thurman to the Tangipahoa Clerk of Court, Star finally received the balance due it, minus the costs of court in the Tangipahoa concursus proceeding, the disbursement being $43,812.91. The costs withheld were in the amount of $889.37.
“Thurman has at all times in this matter admitted that the sum of $44,702.28 (plus Louisiana sales taxes in the amount of $1,575.47) was due to Star under the subcontract. The concursus proceeding noted in paragraph 8 above was instituted by Thurman after three liens were filed: (1) by Star for $46,277.75, for unpaid materials furnished; (2) by Stagecraft Industries, Inc., for $44,894.00, for materials sold by it to Star; and (3) by Edwin F. Guth Company for $12,053.05, on its unpaid purchase order with Star.
“In the trial court, judgment was rendered in favor of Stagecraft awarding it the sum of $44,702.28 deposited in the registry of the court. All costs of court were to be deducted from the deposit, and Stagecraft was given judgment against Star for the amount of the costs. From this judgment, Thurman, Star and Stagecraft appealed. Guth did not appeal and its claim has not been a factor since that time.
“The First Circuit Court of Appeal reversed the trial court and rendered judgment in favor of Star, awarding it the sum of money on deposit in the registry of the court, less court costs. Thurman v. Star Electric Supply, Inc., 294 So.2d 255.
“The Supreme Court affirmed the judgment of the Court of Appeal at 307 So.2d 287.
“The present action seeks the full amount of Star’s claim against Thurman, $46,277.75, subject to credits of $1,575.47 received on April 19,1971, and $43,812.91, received on September 10,1975, leaving a net due of $889.37, which represents the costs of the concursus proceeding. Star also seeks damages for Thurman’s breach of contract and statutory attorney’s fees of ten per cent. * * * ”
Based on these facts, the trial court held:
I.
*649 “The plaintiff is not entitled to damages for breach of contract. By invoking the coneursus, Thurman was merely taking advantage of available legal procedures to insure that the proper claimant was paid. Coneursus is a procedure wherein conflicting claims may be adjudicated without multiple litigation with a single judgment as to the holder of the money and the claimants.
“The stipulation shows that Thurman paid all that he owed under the contract. Because he exercised his right to invoke a coneursus proceeding, court costs were deducted from the amount deposited, which is now the balance claimed by Star. The deduction of costs was validly made pursuant to Article 4659 of the Code of Civil Procedure. The Court of Appeal awarded Star the amount of money on deposit, less costs. This court will not attempt to modify that award.
“The plaintiff is also not entitled to interest on the amount due under the contract. As in the case of Waguespack Pratt, Inc. v. DeSalvo [La.App.], 225 So.2d 269, no interest should be allowed on the amount deposited in the coneursus for the reason that the amount was in dispute and Thurman could not safely pay any of the claimants.
II.
“Plaintiff is entitled to ten per cent attorney’s fees under R.S. 38:2246. It appears from the record that Star made amicable demand for payment and later recovered the full amount dué it through the coneursus proceeding. The ten per cent is to be computed on the total amount recovered by Star.
III.
“The plaintiff is not entitled to recover the interest Thurman earned during the pendency of the coneursus proceeding while the funds in question were on deposit in an interest-bearing account and checks representing the amount in dispute were on deposit in the registry of the court. Star has not shown any damage to itself or impoverishment suffered as a result of Thurman’s actions. If the money itself had been deposited in the registry of the court instead of the checks, Star would not have earned any interest. The court does not reach the question as to whether Thurman’s procedure was proper. * * * ”
Judgment was rendered in favor of Star for the sum of $4,627.77, representing the statutory ten percent attorney’s fees on the full amount of its claim. From this judgment, defendants appealed, contending that the trial court erred in awarding attorney’s fees under LSA-R.S. 38:2246. Star answered the appeal and renewed its claims for the balance due on the materials, interest, damages for breach of contract and unjust enrichment.
Defendants contend, relying on various estoppel arguments, that Star is not entitled to recover attorney’s fees under LSA-R.S. 38:2246 in the present suit.
LSA-R.S. 38:2246, which is part of the laws regulating Public Contracts provides:
“After amicable demand for payment has been made on the principal and surety and thirty days has elapsed without payment being made, any claimant recovering the full amount of his recorded or sworn claim whether by coneursus proceeding or separate suit, shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered.” (Emphasis supplied)
The record indicates that Star filed a reconventional demand in the prior concur-sus proceeding seeking, inter alia, attorney’s fees. Star’s demand was denied by the trial court’s judgment. No mention of Star’s claim for attorney’s fees is made in either of the appellate court opinions reversing the trial court’s judgment. Consequently, it is impossible for us to determine whether Star’s claim for attorney’s fees was determined on appeal in the coneursus proceeding.
However, we find that the clear language of LSA-R.S. 38:2246 requires that the statutory attorney’s fees must be taxed in the same judgment which awards a claimant the full amount of his claim. Consequently, attorney’s fees under LSA-R.S. 38:2246, if they were appropriate, should have been *650 awarded in the concursus proceeding and are not recoverable in the instant suit.
The trial court’s award of attorney’s fees was therefore error.
Star answered the appeal, urging that the trial court erred in denying recovery for the balance due on the materials, interest, and damages for breach of contract. Star also renewed its demands for unjust enrichment against Thurman.
We find no error in any of the particulars enumerated by Star.
The balance due alleged by Star is in reality the court costs taxed in the concur-sus proceeding. The judgment in this con-cursus proceeding is final. Accordingly, we find that Star is estopped to relitigate the issue of costs which was raised or should have been raised on appeal in the concursus proceeding. Cf. Grain Dealers Mutual Insurance Co. v. Hardware Dealers Mutual Fire Insurance Co., 196 So.2d 650 (La.App. 1st Cir. 1967).
We also find that the trial court correctly denied recovery of interest on the funds involved in the concursus proceeding. See Waugespack Pratt, Inc. v. DeSalvo, 225 So.2d 269 (La.App. 4th Cir. 1969).
Additionally, we find that Star has not shown that the trial court erred in refusing damages for the alleged breach of contract.
Finally, we find that Star failed to prove its claim for unjust enrichment. Star has not shown that it was impoverished in any way as a result of Thurman’s depositing three checks, rather than money, with the Clerk of Court in the concursus proceeding.
For the above reasons, the judgment appealed is reversed insofar as it awarded attorney’s fees and is affirmed in all other respects at plaintiff-appellee’s costs.
REVERSED IN PART AND AFFIRMED IN PART.